IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ERIKA FARR AND CLAUDE GARNER, INDIVIDUALLY AND ON BEHALF OF A CLASS OF THOSE SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> THE HOME DEPOT USA, INC., <br><br> Defendant. | CASE NO. 2:14-cv-248-WCO, Removed from the Superior Court of Rabun County, State of Georgia, 2014-CV-0253-C |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby files this Notice of Removal of this action from the Superior Court of Rabun County, State of Georgia, to the United States District Court for the Northern District of Georgia. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this case may be properly removed to this Court:

1.   Home Depot has been sued in a civil action entitled *Erika Farr et al. v. The Home Depot USA, Inc.*, Case No. 2014-CV-0253-C, in the Superior Court of Rabun County, State of Georgia (the "State Court Action").

2. Plaintiffs' Class Action Complaint ("Complaint") was filed on September 4, 2014, and served on Home Depot on September 23, 2014.

3. Plaintiffs filed a First Amended Class Action Complaint ("First Amended Complaint") on September 29, 2014.

4. On October 1, 2014, Plaintiffs filed a "Motion To Add Party Plaintiffs," and attached a proposed Second Amended Class Action Complaint ("Proposed Second Amended Complaint"). The motion has not been decided, and nothing in the Proposed Second Amended Complaint alters the removal analysis set forth herein. With the exception of the addition of two plaintiffs, the Proposed Second Amended Complaint is substantively identical to the First Amended Complaint.

5. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Home Depot has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## I. HOME DEPOT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

6. Plaintiffs served Home Depot with the Class Action Complaint on September 23, 2014. *See* Exhibit A. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty days after

receipt by Home Depot, through service or otherwise, of a copy of the "initial pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

7. As of the date of this removal, Home Depot has not filed a responsive pleading to any complaint. Home Depot reserves all rights to assert any and all defenses or otherwise respond to the operative complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal.

8. Venue lies in the United States District Court for the Northern District of Georgia, Gainesville Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the Northern District of Georgia. The Superior Court of Rabun County, Georgia, is located within the Gainesville Division of the Northern District of Georgia. Venue, therefore, is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of all process, pleadings, and orders served on Home Depot in this matter are attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the clerk of the Superior Court of Rabun County, State of Georgia.

## II.   REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

10. The Court has original jurisdiction over this action, and the action may be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).[1]

11. As set forth below, this is a putative class action in which: (1) there are more than 100 members in the putative class proposed by Plaintiffs; (2) at least one member of the proposed class is a citizen of a different state than Home Depot; and (3) based upon the allegations in the First Amended Complaint and the facts set forth in the Declaration of Scott Anderson (attached as Exhibit B), the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs.  Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

---

[1]   To date, at least twenty-five putative class actions have been filed in federal court in connection with the criminal intrusion into Home Depot's payment data system, each alleging federal jurisdiction pursuant to CAFA.  One of the plaintiffs has filed a motion for consolidation and transfer of the federal court actions under 28 U.S.C. § 1407.  Upon removal, this case likely will be transferred along with the other putative class actions in federal court if the Judicial Panel on Multi-District Litigation grants the Section 1407 motion.

### A. Plaintiffs' Proposed Class Consists of More Than 100 Members.

12. In the First Amended Complaint, Plaintiffs purport to seek damages on behalf of an alleged class including "all Georgia citizens residing in the State of Georgia whose confidential information was lost, stolen, compromised, and/or disclosed as a result of the events surrounding the loss of confidential customer financial information by Home Depot between April 2014 to the present." (First Am. Compl. ¶ 43.)

13. Although Home Depot has not yet identified which specific transactions were exposed to the cyber-attack on its payment data system, in excess of 400,000 distinct credit or debit cards were used to make purchases in Home Depot stores in the State of Georgia from April 1, 2014 to September 17, 2014. (Decl. ¶ 5.)

14. Accordingly, based on the allegations in the First Amended Complaint and Home Depot's records, the aggregate number of members of the putative class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. Minimal Diversity Exists.

15. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in

controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant. . . .* ) (emphasis added).

16.   Plaintiffs allege that they are citizens of Georgia.  (*See* First Am. Compl. ¶¶ 12-13.)

17.   Home Depot is, and was at the time it was served with the Complaint, a corporation duly organized and validly existing under the laws of the State of Delaware.  (Decl. ¶ 4).  Home Depot maintains its principal place of business in Georgia.  (First Am. Compl. ¶ 14.)  Home Depot, therefore, is a citizen of Delaware and Georgia.

18.   Because the Georgia Plaintiffs are diverse from Home Depot based on its Delaware citizenship, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.  *See Fuller v. Home Depot Servs., LLC*, No. 1:07–CV–1268–FLV, 2007 WL 2345257 (N.D. Ga. Aug. 14, 2007) (finding minimal diversity where Georgia plaintiffs were diverse from Home Depot based on its Delaware citizenship).

   C.   **The Amount-in-Controversy Requirement Is Satisfied.**

18.   This action arises out of Home Depot's alleged failure to safeguard the personal and financial information of its customers as well as Home Depot's

alleged failure to provide timely notice of the criminal intrusion into its payment data system.  (*See* First Am. Compl. ¶¶ 27-32.)

19.  Although the First Amended Complaint contains only conclusory allegations concerning the speculative harm purportedly suffered by the putative class,[2] Plaintiffs articulate their alleged harm as follows:  "Plaintiff[s] [were] harmed by having [their] financial and personal information disclosed to cyber-criminals.  Plaintiff[s] face[] the imminent and certainly impending threat of future harm from identity theft and credit card fraud now that [their] Confidential Information is available for purchase on the black market."  (First Am. Compl. ¶¶ 34, 36.)

20.  Plaintiffs further allege that they have "suffered additional damages arising from the costs associated with identity theft and the increased risk of identity theft," including "damages based on the opportunity cost and value of time

---

[2]  Indeed, Plaintiffs have not alleged any concrete injury sufficient to confer Article III standing, and the First Amended Complaint therefore should be dismissed.  Home Depot will move to dismiss the complaint on all applicable grounds at the appropriate time.  In any event, "[w]hat counts is the amount in controversy at the time of the removal.  It is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits."  *S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation and internal quotation marks omitted).

that Plaintiff[s] and class members have been forced to expend to monitor their financial information and back accounts." (First Am. Compl. ¶¶ 38-39).

21. Plaintiffs allege that their claims are "typical of the claims of the class members" in that "[t]he representative Plaintiffs are Home Depot customers who had their Confidential Information improperly disclosed by Home Depot as a result of the Breach" and "[t]he claims of the other class members therefore mirror the claims brought by the representative Plaintiffs." (First Am. Compl. ¶ 48.)

22. To redress the speculative future harm that Plaintiffs and the putative class members purportedly will suffer, Plaintiffs seek credit monitoring and credit insurance for a period of not less than three years. (First Am. Compl., Prayer for relief ¶ b.)[3]

23. Publicly available information regarding commercial credit monitoring services suggests that the cost of credit monitoring typically ranges from $179.40 per year to $239.40 per year. (*See* Decl. ¶ 7.)

24. As noted above, Plaintiffs seek to represent a class of "all Georgia citizens residing in the State of Georgia whose confidential information was lost,

---

[3] As will be explained in greater detail in Home Depot's motion to dismiss the First Amended Complaint, Plaintiffs have not stated a plausible basis for entitlement to this relief (or any of the other relief sought by Plaintiffs).

stolen, compromised, and/or disclosed as a result of the events surrounding the loss of confidential customer financial information by Home Depot between April 2014 to the present." (First Am. Compl. ¶ 43.)

25. Based on Plaintiffs' allegations that their confidential information was compromised and that their experience was typical of the class, the class is composed of in excess of 400,000 members, which represents the approximate minimum number of distinct credit and debit cards used to make purchases in Home Depot stores in the State of Georgia from April 1, 2014 to September 17, 2014. (Decl. ¶ 5.)

26. Assuming that each member of the putative class incurs credit monitoring services at the *lowest* available cost of $179.40 per year for three years, the amount in controversy in this case based solely on this speculative element of the putative class members' alleged harm is $215,280,000.

27. This amount does not include any of the other relief to which Plaintiffs allege the putative class members are entitled, such as: (a) declaratory and injunctive relief; (b) three years of "credit insurance"; (c) alleged identity

theft-related damages; (d) exemplary damages; (e) attorneys' fees; or (f) equitable relief.[4] (*See* First Am. Compl., Prayer for Relief.)

28.     Based on Plaintiffs' allegations and publicly available information, the amount in controversy in this putative class action far exceeds $5 million.

## III.    CONCLUSION

29.     While Home Depot believes Plaintiffs have suffered no injury, their claims fail on the merits, and class certification is not appropriate in this action, based on Plaintiffs' allegations, the amount in controversy in this matter exceeds the jurisdictional threshold of $5 million set forth in 28 U.S.C. § 1332(d).

30.     For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

31.     Promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), Home Depot will give written notice of the Notice of

---

[4] For example, Plaintiffs seek a "constructive trust on those monies by which Defendant has been unjustly enriched as a result of the negligent maintenance of its Payment System." (First Am. Compl. ¶ 74.) Plaintiffs fail to allege how much money should be subject to this constructive trust, but the total amount of debit and credit card payments made in Home Depot stores in Georgia during the relevant time period was in excess of $75,000,000. (Decl. ¶ 6.) Accordingly, even if Plaintiffs seek only a fraction of this amount, Plaintiffs' allegations clearly place at least $5 million at issue under this theory as well.

Removal to Plaintiffs and will file a copy of this Notice of Removal with the Clerk of Superior Court of Rabun County, State of Georgia.

WHEREFORE, Home Depot respectfully requests that this action be removed from the Superior Court of Rabun County, State of Georgia, to the United States District Court for the Northern District of Georgia, Gainesville Division, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453(b).

Respectfully submitted this 23rd day of October 2014,

*/s/ Phyllis Sumner*
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
J. Andrew Pratt
Georgia Bar No. 465311
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
psumner@kslaw.com
shaskins@kslaw.com
apratt@kslaw.com

*Counsel for Defendant*

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  This Motion was prepared on a computer using the Times New Roman font (14 point).

*/s/ Phyllis Sumner*
Phyllis B. Sumner
Georgia Bar No. 692165

## **CERTIFICATE OF SERVICE**

The undersigned counsel for Home Depot U.S.A., Inc. hereby certifies that a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, this 23rd day of October, 2014, on the following:

R. Brent Irby
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216

Todd L. Lord
Attorney at Law
4 Courthouse Square
Post Office Box 901
Cleveland, Georgia 30528

William Greg Dobson
Morris, Lober & Dobson, LLC
Robert E. Lee Building, Suite 201
830 Mulberry Street
Macon, Georgia 31201

*Attorneys for Plaintiffs*

                */s/ Phyllis Sumner*
                Phyllis B. Sumner
                Georgia Bar No. 692165