# Exhibit A

| Filing Date<br>**09/04/2014** | Style of Case<br>ERIKA FARR AND CLAUDE GARNER VS THE HOME DEPOT | | | Case Number<br>**2014-CV-0253** |
|---|---|---|---|---|
| Cause of Action<br>CLASS ACTION COMPLAINT | | | | Judge<br>B. CHAN CAUDELL |

| Principal | $0.00 | Type of Case | General Civil | Disposition | |
|---|---|---|---|---|---|
| Filing Fees | $0.00 | Case Status | Opened | Date | |
| Additional Fees | $0.00 | Case Types | | | |
| Interest | $0.00 | Counter Claim | | Stage | |
| Attorney Fees | $0.00 | Original Judgment # | | | |
| Fifa Fees | $0.00 | Initiation Form Filed | | Code | |
| Plus, | | Disposition Form Filed | | | |
| Totals: | $0.00 | | | | |

| Recent Activity Schedule | Dismissed | Verdict | |
|---|---|---|---|
| Calendar Call | Prejudice | Verdict For | |
| Motion | Settled | Judgment | |
| Hearing | Interlocutory | Judgment Amount | $0.00 |
| Pretrial | Final Decree | Judgment County | |
| Trial | GED | Judgment Court | |

| Type | Party Name(s) and Addresses | Pro Se | Served | Type Service | Answered |
|---|---|---|---|---|---|
| | Property/Statement of Claim: | | | | |
| P | ERIKA FARR | | | | |
| P | CLAUDE .GARNER | | | | |
| D | THE HOME DEPOT USA, INC | | File Only | | |
| P/A | TODD L LORD | | 457855 | | |
| | LORD, TODD L | | | | |
| | P.O. BOX 901 | | | | |
| | CLEVELAND, GA 30528 | | | | |
| P/A | WILLIAM GREGORY DOBSON | | 237770 | | |
| | DOBSON, WILLIAM GREGORY | | | | |
| | 830 MULBERRY STREET | | | | |
| | SUITE 201 | | | | |
| | MACON, GA 31201 | | | | |
| P/A | BRENT IRBY | | | | |
| | IRBY, BRENT | | | | |
| | 905 MONTOGOMERY HIGHWAY SUITE 201 | | | | |
| | VESTAVIA HILLS, AL 35216 | | | | |

| Schedule Date | Case Activity |
|---|---|

| Proceeding Date | Case Activity |
|---|---|
| 09/04/2014 | CLASS ACTION COMPLAINT |
| 09/04/2014 | SUMMONS |
| 09/04/2014 | JURY TRIAL DEMANDED |
| 09/19/2014 | NOTICE OF LEAVE OF ABSENCE |
| 09/29/2014 | PLAINTIFFS FIRST SET OF INTERROGATORIES |
| 09/29/2014 | PLAINTIFFS FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS |

ERIKA FARR AND CLAUDE GARNER VS THE HOME DEPOT                    Case Number: 2014-CV-0253

| Proceeding Date | Case Activity |
|---|---|
| 09/29/2014 | FIRST AMENDED CLASS ACTION COMPLAINT |
| 10/01/2014 | CORPORATION SERVICE- HOME DEPOT |
| 10/03/2014 | MOTION TO ADD PARTY PLAINTIFFS |

Payment History

Paid in full on

## IN THE SUPERIOR COURT OF RABUN COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ERIKA FARR and CLAUDE GARNER,**<br>**individually and on behalf of a class of**<br>**those similarly situated as defined herein,** | * <br>* <br>* <br>* | |
| **Plaintiffs,** | * <br>* | |
| **v.** | * <br>* | Case No.: 2014·CV· 0253·C |
| **THE HOME DEPOT USA, INC.,** | * <br>* | |
| **Defendant.** | * | |

### CLASS ACTION COMPLAINT

COME NOW, Erika Farr and Claude Garner ("Plaintiffs"), on behalf of themselves and all others similarly situated as defined herein, and bring this class action suit against Defendant The Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") and allege as follows:

### NATURE OF THE ACTION

1.      Plaintiffs bring this class action suit on their own behalf, and on behalf of those similarly situated as defined herein, against Defendant Home Depot as a result of Home Depot's failure to safeguard its customers' personally identifiable and protected financial information (herein after "Confidential Information"). Such Confidential Information includes, but is not necessarily limited to, customers' credit and debit card information. Plaintiffs' claims are brought solely under Georgia law, and Plaintiffs state that they do not bring any federal claims and disclaim any and all claims under any federal laws, statutes, or regulations.

FILED IN OFFICE OF CLERK SUPERIOR COURT
RABUN COUNTY, GEORGIA. THIS 4th DAY OF
September, 2014
HOLLY E. HENRY-PERRY                         CLERK

2.     Prior to the events at issue in this suit, Home Depot was aware that its existing policies and procedures for safeguarding the security and privacy of its customers' Confidential Information were deficient, ineffective, and susceptible to a data breach. Specifically, Home Depot was aware that many retailers recently had their security walls broken in recent months, including Target, Sally Beauty, P.F. Chang's, and the thrift store operations of Goodwill. These widespread security breaches have caused many retailers, financial institutions, and credit card companies to explore more secure means of transacting customer payment information, including the adoption of microchips in U.S. credit and debit cards. For example, Wal-Mart Stores, Inc. is replacing store credit cards with chip-enabled MasterCards for customers in order to safeguard its customers' financial information. The chip-cards are significantly safer because, unlike magnetic strip cards that transfer a credit card number via a magnetic strip when they are swiped at a cash register, chip-cards use a one-time code that is transferred between the card and the register only, rendering the code useless to anyone outside of the customer and business involved in the transaction. Home Depot has taken insufficient actions to protect its customers' confidential credit and debit card information despite being fully aware, based on widespread data breaches in similar retail stores, that its current transaction methods were susceptible to the release of secure information.

3.     On September 2, 2014, Home Depot publicly acknowledged that it was investigating "unusual activity" concerning customer financial information but failed to admit that a data breach had occurred, despite evidence to the contrary. This so-called "unusual activity" was obviously a data leak as reported by all major financial institutions. As such, this unlawful disclosure of customers' confidential financial information was a

2

direct and proximate result of Home Depot's failure to protect and secure Plaintiffs' and class members' Confidential Information (this disclosure of Confidential Information is hereinafter referred to as "the Breach.").

4.     Home Depot disregarded Plaintiffs' privacy rights and the privacy rights of the class members by intentionally, willfully, recklessly, and/or negligently failing to take the necessary precautions to ensure that the Confidential Information of its customers was not disclosed unlawfully.  This information was not properly protected and was not maintained in accordance with more secure payment protocols, such as the chip-cards used by Wal-Mart and other retail sale chains.

5.     As a direct and proximate result of Home Depot's actions and inactions at issue herein, thousands of its customers, including Plaintiffs and the class members, were subjected to an unauthorized and prohibited disclosure of their Confidential Information, have suffered an invasion of their privacy, have spent or will need to spend considerable time and expense to protect themselves against identity theft and damage to their credit ratings, have been or will be forced to have fraud alerts placed through credit reporting agencies, have been deprived of the exclusive use and control of their Confidential Information, have incurred or will incur the costs of time and money to monitor their credit card accounts, credit reports, and other financial information to protect themselves against identity theft and other improper use of the disclosed Confidential Information, and have otherwise suffered economic damages.

3

## JURISDICTION AND VENUE

6.      Plaintiffs, like members of the class defined herein, are citizens of the State of Georgia residing in Georgia.  Defendant Home Depot is a public corporation with its principal place of business in Atlanta, Georgia.

7.      Venue is proper in this county because Home Depot conducts business in this county and Plaintiff Farr resides in this county and Plaintiff Garner resides in White County.

## PARTIES

8.      Plaintiff Erika Farr is an adult citizen of the State of Georgia residing in Georgia and in this county.  Plaintiff Farr made purchases at the Home Depot location in Clayton, Georgia by credit and/or debit card during the time period at issue in this action.

9.      Plaintiff Claude Garner is an adult citizen of the State of Georgia residing in Georgia and in White County.  Plaintiff Garner made purchases at Home Depot by credit and/or debit card during the time period at issue in this action.

10.      Defendant Home Depot is a public corporation with its principal place of business in Atlanta, Georgia.  Home Depot has locations and conducts business throughout Georgia.

## FACTUAL ALLEGATIONS

### *Collection of Confidential Information*

11.      Home Depot collects a wide array of information about its customers. Based on Home Depot's privacy and security statement (available online), Home Depot often obtains customer information directly from its customers by many different methods,

4

including collecting customer information "[i]n connection with an online or in-store purchase." *See* http://www.homedepot.com/c/Privacy_Security.

12. Such customer information stored within Home Depot's database includes, but is not limited to, millions of customers' confidential financial information, including credit and debit card numbers, delivery addresses, billing addresses and zip codes, and other physical and digital contact information. *See* http://www.homedepot.com/c/Privacy_Security. Given that such customer information is highly sensitive and very susceptible to fraudulent activity, Home Depot was under an affirmative duty to protect its customers' Confidential Information collected and stored within its database.

*The Breach*

13. Upon information and belief, Home Depot failed to maintain a secure database with the latest advancements in the protection of private financial information from late April or early May 2014 until September 2014.

14. Home Depot's failure to comply with up-to-date security standards provided Defendant with short-term and fleeting benefits in the form of saving on the costs of compliance at the expense and to the severe detriment of Home Depot's own customers, including Plaintiffs and class members described herein.

15. Upon information and belief, Home Depot's actions and/or inactions left its system susceptible to data breaches and led to a massive data breach of customers' Confidential Information between late April or early May 2014 and September 2014. During this time, an untold number of consumers became the victims of a data breach when

5

their Confidential Information was taken from Home Depot's payment information systems as a result of malicious software.

16.     Home Depot's failure to implement proper security protocols represents an intentional, willful, reckless, and/or blatant disregard for the security of its customers' Confidential Information and its customers' financial well-being.  As such, Plaintiffs and class members herein had their financial information placed at a serious and ongoing risk.

17.     Upon information and belief, the leaked Confidential Information of Home Depot customers hit the black market in September 2014.  On September 2, 2014, Rescator[dot]cc., a website specializing in the sale of stolen financial information, advertised two enormous sets of stolen credit and debit card information containing Home Depot customers' Confidential Information.  As advertised on the website, these cards had a "valid rate of 100%," meaning that each customers' Confidential Information obtained from Home Depot was an accurate, valid credit or debit card number.

18.     Upon information and belief, several banks, whose customers' card information was inappropriately disclosed by Home Depot, believe that the Home Depot data breach extends to all Home Depot stores in Georgia.  Furthermore, these financial institutions are of the belief that the breach likely extends back to late April or early May of 2014.

***Damages Sustained by Plaintiff and the Class***

19.     A portion of the services purchased from Home Depot by Plaintiffs and class members necessarily included compliance with industry-standard measures with respect to the collection and safeguarding of Confidential Information.  Because Plaintiffs

6

and class members were denied privacy protections that they paid for and were entitled to receive, Plaintiffs and the class members incurred actual monetary damages in that they overpaid for the products purchased from Home Depot.

20.     Plaintiffs and class members suffered additional damages arising from the costs associated with identity theft and the increased risk of identity theft caused by Home Depot's failure to adequately protect their Confidential Information.

21.     Plaintiffs and class members suffered additional damages based on the opportunity cost and value of time that Plaintiff and class members have been forced to expend to monitor their financial information and bank accounts as a result of the Breach. Such damages also include the cost of obtaining credit and/or debit cards.

CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring their claims individually and on behalf of the following proposed Georgia-only class:

> All Georgia citizens residing in the State of Georgia whose confidential information was lost, stolen, compromised, and/or disclosed as a result of the events surrounding the loss of confidential customer financial information by Home Depot between April or early May 2014 to the present.

23.     This action is maintainable as a class action pursuant to O.C.G.A. § 9-11-23(a)(b)(1)-(3).

24.     The class is so numerous that joinder of all members is impractical. While the exact number of class members cannot be quantified at this time, Home Depot has publicly acknowledged an unauthorized disclosure of Confidential Information for thousands of customers in Georgia.

7

25.     Joinder of class members' individual actions is also impractical because of the limited ability of individual class members to institute separate suits, and the general nature of the underlined action and relief sought.

26.     There are substantial questions of fact and law common to all class members.  The legal issues are limited to a series of identifiable violations of industry duties and standards of care that created the scenario under which the Breach could occur and that culminated in a wrongful disclosure of Confidential Information that occurred between April or May 2014 and September 2014 when millions of customers' credit and debit card information of Plaintiffs and class members were removed from Home Depot's possession.  The factual issues relating to Home Depot's violations of industry standards and legal duties are common to all class members.  Similarly, the relief Plaintiffs seek on their own behalf and on behalf of all class members is dominated by equitable and legal remedies.  The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

27.     The claims of the representative Plaintiffs are typical of the claims of the class members.  The representative Plaintiffs are Home Depot customers who had their Confidential Information improperly disclosed by Home Depot as a result of the Breach.  The claims of the other class members therefore mirror the claims brought by the representative Plaintiffs.

28.     The representative Plaintiffs will fairly and adequately protect the interests of the class.  The claims and causes of action brought by the representative Plaintiffs span the breadth of issues raised in this action.

29.     Counsel for the representative Plaintiffs are qualified and experienced and will confidently and vigorously prosecute this action. Counsel for the representative Plaintiffs have significant experience in this field and are able and willing to commit the necessary resources to complete a thorough prosecution of this action.

30.     The interests of the representative Plaintiffs are not antagonistic to or in conflict with any other members of the class.

31.     Home Depot has acted and refused to act on grounds generally applicable to the class, thus rendering final injunctive and declaratory relief with respect to the class as a whole an appropriate remedy.

32.     The prosecution of separate actions by individual class members would create a risk of inconsistent results or varying adjudications that could establish incompatible standards of conduct for Home Depot.

33.     Questions of law or fact applicable to the members of the class predominate over any questions affecting only individual members.

34.     A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because:     (a) The common interests of the class members predominate over any questions affecting only individual members;  (b) no similar litigation concerning the controversy is known to have been commenced by members of the class;  (c) concentrating litigation of this action in this Court would ensure appropriate, consistent, and efficient resolution of the issues raised in the jurisdiction where the offending conduct occurred; and  (d) the difficulties in managing an action involving class members known to Home Depot such that Home Depot was able to notify class members of the disclosure of Confidential Information at issue herein by mail. Because of

the nature of this action and the publicity the events at issue in this lawsuit have already received, adequate notice to any class members whose mailing addresses are not currently contained with Home Depot's database may be effectuated through notice by publication.

## FIRST CAUSE OF ACTION

### Invasion of Privacy

35.     Plaintiffs reallege and incorporate the preceding paragraphs as full set forth herein.

36.     Between April or early May 2014 and September 2014, Defendant Home Depot negligently disclosed the Plaintiffs' and the class members' Confidential Information.

37.     The Confidential Information disclosed by Home Depot's actions and inactions were private to the Plaintiffs and the individual class members, and the publication of this information is objectionable to a reasonable man of ordinary sensibilities under the circumstances at issue in this case.

38.     The invasion of Plaintiffs' and the class members' privacy occurred as a direct and proximate result of Home Depot's failure to secure the protection of Plaintiffs' and the class members' Confidential Information, and Plaintiffs and class members have been damaged thereby.

## SECOND CAUSE OF ACTION

### Negligence/Wantonness

39.     Plaintiffs reallege and incorporate the preceding paragraphs as full set forth herein.

10

40. Defendant Home Depot has a duty to exercise reasonable care in safeguarding and protecting Plaintiffs' and the class members' Confidential Information.

41. Defendant Home Depot negligently and/or wantonly violated its duty by failing to exercise reasonable care in safeguarding and protecting Plaintiffs' and the class members' Confidential Information.

42. Alternatively, Home Depot's conduct set forth herein was so reckless and so charged with indifference to the consequences of its failure to exercise reasonable care in safeguarding and protecting Plaintiffs' and the class members' Confidential Information as to amount to wantonness under Georgia law.

43. It was reasonably foreseeable that Home Depot's failure to exercise reasonable care in safeguarding and protecting Plaintiffs' and the class members' Confidential Information would result in an unauthorized disclosure of said Confidential Information.

44. Plaintiffs and the class members have been damaged as a direct and proximate result of Home Depot's actions and inactions set forth herein in the form of, without limitation, expenses for credit monitoring and insurance, expenses for periodic credit reports, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and noneconomic harm.

45. Home Depot's wrongful actions and/or inactions set forth above constitute negligence and/or wantonness under Georgia common law.

11

## THIRD CAUSE OF ACTION

### Breach of Express or Implied Contract

46.     Plaintiffs reallege and incorporate the preceding paragraphs as full set forth herein.

47.     Home Depot had a written understanding that Home Depot valued and respected the privacy rights in regards to the Confidential Information collected by Home Depot.  Based on this understanding, a contract existed between Home Depot and the Plaintiffs and class members that Home Depot would not disclose such Confidential Information in a manner not authorized by applicable law or industry standards.

48.     Home Depot's Privacy and Security Statement provided to Plaintiffs and the class members on the Home Depot website constitutes an express contract or at the very least created a meeting of the minds that was inferred from the conduct of the parties. Plaintiffs and the class members fully discharged their obligations under the contract.

49.     Home Depot breached its contracts with the Plaintiffs and the class members by failing to safeguard and protect Plaintiffs' and the class members' Confidential Information such that an unauthorized disclosure of Plaintiffs and the class members' Confidential Information occurred.

50.     As a direct and proximate result of Home Depot's breach of its contracts with the Plaintiffs and class members, Plaintiffs and the class members have been damaged in an amount to be proven at trial.

51.     As further damages, Plaintiffs and the class members request restitution and costs of mitigation including, but not necessarily limited to, the purchase of credit

12

monitoring, credit insurance, periodic credit reports and expenses associated with the loss or replacement of the valuable financial information disclosed by Home Depot.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all class members, respectfully request the following:

a.    That this Court enter an Order on all causes of action certifying this case as a class action, appointing Plaintiffs as the class representative, and appointing Plaintiffs' counsel of record as class counsel;

b.    That this Court award declaratory and injunctive relief as permitted by law or equity, including enjoining Home Depot from continuing the unlawful practices as set forth herein, directing Home Depot to review, modify, and update as necessary its security procedures for protecting its customers' Confidential Information, and directing Home Depot to notify, with Court supervision, all victims of Home Depot's conduct that Defendant will pay for the Plaintiffs' and the class members' credit monitoring for a period not less than three years, that Home Depot will pay for all identity theft related damages suffered by Plaintiffs and the class member and/or provide credit insurance for Plaintiffs and every class member for a period not less than three years, and that Home Depot will undergo internal audits on a periodic basis not less than annually by a third party qualified to conduct such audits to ensure adequacy of the security of the personal financial information of Home Depot customers.

13

c.      That this Court direct Home Depot to provide all class members with bank account and other financial account monitoring and/or monitoring services for a period of not less than three years;

d.      That this Court award Plaintiffs and members of the class nominal damages on the first cause of action set forth herein of an amount that is identical for every class member.

e.      That this Court award Plaintiffs and members of the class actual damages under all causes of action herein that entitle Plaintiffs and class members to actual damages;

f.      That this Court award Plaintiffs and the class members exemplary damages in an amount that is identical for every class member for Home Depot's intentional, willful, and wanton conduct as alleged herein;

g.      That this Court award Plaintiffs and the class members pre-judgment and post-judgment interest as may be authorized by law, as well as their reasonable attorney's fees and other costs;

h.      That the Court direct Home Depot to notify all class members of any information that may come into Home Depot's possession indicating that any of the customers for whom Confidential Information was disclosed without prior authorization have been the victims of identity theft or other improper use of their Confidential Information; and

i.      That this court provide for any other legal and/or equitable relief as requested in this action or as may be permitted by law and as justice requires.

14

## IN THE SUPERIOR COURT OF RABUN COUNTY
## STATE OF GEORGIA

ERIKA FARR and CLAUDE GARNER  :
Individually and on behalf of a class of  :
those similarly situated as defined herein  :
               **Plaintiff**  :
                        :

**v.**  :
                        :

**THE HOME DEPOT USA, INC.**  :
                        :
             **Defendant**  :
                        :

CIVIL ACTION NO.: 2014·CV·0253·C

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Todd L. Lord  
Attorney at Law  
P. O. Box 901  
Cleveland, GA 30528

William Gregory Dobson  
Attorney at Law  
830 Mulberry Street, Suite 201  
Macon, GA 31201

R. Brent Irby  
Attorney at Law  
905 Montgomery Hwy, Suite 201  
Vestavia Hills, AL 35216

an answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 4th day of September , 2014 .

_____
Clerk/Deputy Clerk  
Superior Court, Rabun County, Georgia

FILED IN OFFICE OF CLERK SUPERIOR COURT  
RABUN COUNTY, GEORGIA. THIS 4th DAY OF  
September , 20 14  
_____  
HOLLY E. HENRY-PERRY        CLERK

## JURY TRIAL DEMANDED

Plaintiffs, on behalf of themselves and all class members as defined herein, hereby

demand a trial by jury on all issues so triable.

_____
Todd L. Lord

OF COUNSEL
Todd L. Lord
Attorney at Law
4 Courthouse Square
Post Office Box 901
Cleveland, Georgia 30528
Telephone: (706)219-2239
Facsimile: (706)348-8100
Email: attytllord@windstream.net

OF COUNSEL:
William Greg Dobson
Morris, Lober & Dobson, LLC
Robert E. Lee Building, Suite 201
830 Mulberry Street
Macon, Georgia  31201
Telephone: (478)745-7700
Facsimile: (478)745-4888
Email: mgd@dobsonlawgroup.net

OF COUNSEL:
R. Brent Irby
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: birby@mhcilaw.com

FILED IN OFFICE OF CLERK SUPERIOR COURT
RABUN COUNTY, GEORGIA., THIS 4 th DAY OF
September , 20 14
HOLLY E. HENRY-PERRY    CLERK

15

# LAW OFFICE OF
# TODD L. LORD

P. O. Box 901
Cleveland, GA 30528
(706) 219-2239
(706) 348-8200

**Todd L. Lord**
Attorney at Law

**Kerry Banister Morris**
Attorney at Law

4 Courthouse Square
Cleveland, GA 30528
Fax: (706) 348-8100

**TO:**      All Judges, Clerks of Court and Counsel of Record

**FROM:**    Todd L. Lord, Attorney at Law

**DATE:**    September 17, 2014

**RE:**      Notice of Leave of Absence

Comes Now, Todd L. Lord and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all opposing counsel that he will be on leave pursuant to Georgia Uniform Rule 16.

The period of leave during which time Applicant will be away from the practice of law is:

- Wednesday, October 29, 2014 through and including Monday, November 3, 2014. The purpose of this leave is for family vacation.
- Thursday, November 27, 2014 and Friday, November 28, 2014. The purpose of this leave is Thanksgiving Holiday.
- Thursday, December 4, 2014 and Friday, December 5, 2014. The purpose of this leave is Continuing Education.
- Thursday, December 25, 2014 through and including Monday, January 5, 2015. The purpose of this leave is for Christmas and New Year Holidays and family vacation.

All affected judge and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

Respectfully submitted,

Todd L. Lord
Attorney at Law
Georgia Bar Number: 457855
P. O. Box 901
Cleveland, GA 30528
(706) 219-2239

1

| Case Style / Number | Judge / County / Court | Opposing Counsel / Party |
|---|---|---|
| State v. Roak<br>Case # : 13-CR-458-MM | Miller<br>Superior Court – Lumpkin Co. | District Attorney |
| State v. Paterson<br>Case #: 12-CR-236-RG | George<br>Superior Court – White Co. | District Attorney |
| State v. Sosebee<br>Case #: 13-CR-313-RG | George<br>Superior Court – White Co. | District Attorney |
| Gee v. Gilleland & Martin<br>Case #: 14-CV-066-S | Smith<br>Superior Court – Rabun Co. | Austin L. Perry |
| State v. Hudson<br>Case #: 2014-CR-044-SG | Gunter<br>Superior Court – White Co. | District Attorney |
| Wallace v. Greene Finance et al<br>Case Number: 07-CV-052 | Lane<br>Superior Court - Quitman Co | R. Brent Irby<br>William S. Stone<br>William Gregory Dobson<br>William W. Rambo<br>Kenneth Hindman |
| Cardin v. Team Investments<br>Case #: 13-CV-488-MM | Miller<br>Superior Court – White Co. | William Gregory Dobson<br>Monica L. Wingler |
| City of Helen v. Rausch | Sneed<br>Municipal Court – Helen | Solicitor |
| City of Helen v. Peppers | Sneed<br>Municipal Court – Helen | Solicitor |
| State v. Lovelace<br>Case #: 2014-CR-065-MM | Miller<br>Superior Court – White Co. | District Attorney |

| Case Style / Number | Judge / County / Court | Opposing Counsel / Party |
|---|---|---|
| ITIO: J.S.<br>Case #: 127-13J-224 | Cullifer<br>Juvenile Court – Stephens Co. | Marie Evans<br>Don Tabor |
| ITIO: E.L.S.<br>Case #: 127-13J-225 | Cullifer<br>Juvenile Court – Stephens Co. | Marie Evans<br>Don Tabor |
| ITIO: C.L.S.<br>Case #: 127-13J-226 | Cullifer<br>Juvenile Court – Stephens Co. | Marie Evans<br>Don Tabor |
| ITIO: D. S.<br>Case #: 2014-JV-181 | Bruce<br>Juvenile Court – White Co. | E. Paul Stanley<br>Kris-Ann Poe<br>Martin Welch |
| ITIO: W.S.<br>Case #: 2014-JV-182 | Bruce<br>Juvenile Court – White Co. | E. Paul Stanley<br>Kris-Ann Poe<br>Martin Welch |
| Sanford v. Parks<br>Case #: 2013-CV-2249-J | Wynne<br>State Court – Hall Co. | William Gregory Dobson<br>Jonathan R. Granade<br>Jennifer Debaun |
| Vandiver v. Cantrell & Pride<br>Utility Construction<br>Case #: 2014-CV-148-RG | George<br>Superior Court – Lumpkin Co. | Christopher Walker<br>Wm. Greg Dobson<br>Bryan Hausner<br>John Hipes<br>John C. Clark |
| City of Helen v. Turner | Sneed<br>Municipal Court – Helen | Solicitor |
| ITIO: E.T.<br>Case #: 2014-JV-110 | Bruce<br>Juvenile Court – White Co. | E. Paul Stanley<br>Andrea Conarro |

| Case Style / Number | Judge / County / Court | Opposing Counsel / Party |
|---|---|---|
| Justus v. Safe Auto<br>Case #:  2010-CV-969-RG | George<br>Superior Court – White Co. | William Gregory Dobson<br>R. Brent Irby<br>Michael Schroder<br>Matthew Vuolo<br>Molly Lang |
| Lusk v. Wilson<br>Case #:  2014-CV-0346-MM | Miller<br>Superior Court – White Co. | Wm. Greg Dobson<br>Christopher Walker<br>Martin Welch |
| City of East Ellijay v. Kellog<br>Case #: | Sneed<br>Municipal Court – East Ellijay | Solicitor |
| City of East Ellijay v. Bingham<br>Case #: | Sneed<br>Municipal Court – East Ellijay | Solicitor |
| City of Cleveland v. Brown<br>Case #: | Baker<br>Municipal Court - Cleveland | District Attorney |
| City of Helen v. Davenport<br>Case #: | Sneed<br>Municipal Court – Helen | Solicitor |
| City of Blairsville v. Ditmore<br>Case #: | Sneed<br>Municipal Court – Blairsville | Solicitor |
| City of Maysville v. Faulkner<br>Case #: | Law<br>Municipal Court – Maysville | Solicitor |
| City of Helen v. Tierney<br>Case #: | Sneed<br>Municipal Court – Helen | Solicitor |

7

## IN THE SUPERIOR COURT OF RABUN COUNTY
### STATE OF GEORGIA

ERIKA FARR and CLAUDE GARNER,    *
individually and on behalf of a class of    *
those similarly situated as defined herein, *
                              *
      Plaintiffs,                *
                              *
v.                              *     **Case No.: 2014-CV-0253-C**
                              *
THE HOME DEPOT USA, INC.,      *
                              *
      Defendant.            *

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

COME NOW Plaintiffs Erika Farr and Claude Garner (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned counsel of record, and pursuant to O.C.G.A. §9-11-34, propound the following interrogatories to be answered by The Home Depot USA, Inc. (hereinafter referred to as "Defendant" or "Home Depot").

The following interrogatories are served on you pursuant to the provisions of O.C.G.A. §9-11-34. You are requested to produce responses to each and every interrogatory to McCallum, Hoaglund, Cook & Irby, LLP, 905 Montgomery Highway, Suite 201, Vestavia Hills, Alabama 35216 by close of business on the 30th day following service of these interrogatories.

These interrogatories shall be continuing in nature, as provided for in O.C.G.A. §9-11-26, requiring timely additions or supplements as further documents become available to Defendant, its agents, employees, accountants, or attorneys.

FILED IN OFFICE OF CLERK SUPERIOR COURT
RABUN COUNTY, GEORGIA. THIS 24th DAY OF
Sept , 2014
HOLLY E. HENRY-PERRY         CLERK

## DEFINITIONS

### 1.

"You", "Your" and "Defendant" means The Home Depot USA, Inc., their predecessors or successors in interest, their present and former officers, directors and employees, their parent, subsidiaries, divisions, entities, and affiliated companies, and its attorneys, representatives, agents and all other persons acting or authorized to act on their behalf, including third party entities, or any person within a "controlled group of corporations" of which You are a member.

### 2.

"Person(s)" means any natural Person, any business entity (whether a corporation, partnership, or other business association), any government or political subdivision thereof, or governmental body, commission board, agency, bureau, or department.

### 3.

The terms "Communicate" or "Communication" are used in the broadest sense and means, without limitation, any written, oral, electronic and/or other transmission of information of whatever sort, as well as any Document which records, reflects and/or pertains to any such transmission, including without limitation, e-mails, handwritten notes, letters, telegrams, telexes, facsimilies, message slips, statements, discussions, conversations, speeches, meetings, remarks personal calendars, memoranda, and/or sound records and transcripts thereof.

### 4.

The term "Document" shall have the meaning set forth in the Georgia Code and include any electronically stored information, email, or electronic or computerized data compilations, and including every copy of a document which such copy is not an identical duplication of the

2

original, the back of any documents that contains writing, and all drafts or edited versions of documents.

5.

"Including" shall be construed to mean "including, but not limited to."

6.

"Relating" or "Relating to" or "Concerning" any given subject means without limitation, identifying, evidencing, describing, discussing, referring to, concerning, constituting, regarding, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, involving, embodying, containing, mentioning, arising out of, serving as a basis for, relying upon, any other way having a logical or factual connection with the matter in question.

7.

"Identify" means:

(a)     As to a person:  state the full name, business and residence address(es), business and residence telephone numbers, occupation, job title, dates so employed and job description.  If current addresses are unknown, provide the last known business and residence address.  When used in reference to a business entity: state the type of entity and the address of its principal place of business;

(b)     As to a document:  the type of document (letter, memo, etc.), the identity of the author or originator, the date(s) authored or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief, description of the subject matter thereof, all with sufficient particularity to request its production under the

3

Georgia Code.  If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it, including the date that it left your possession or custody and identify the person to whom you transferred it; and,

(c)     As to a communication:    the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who made the communication, the identity of each person who received the communication and of each person present when it was made, and the subject matter discussed; and,

(d)     As to a meeting:  the date of the meeting, the place of the meeting, each person invited to attend, each person who attended, and the subject matter discussed.

8.

"Policy(ies)" means any rule, procedure, directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was developed, recognized, instituted and/or implemented by You.

9.

"Confidential Information" refers to Home Depot customer information that was inadvertently disclosed during the Breach over the period from April 2014 to September 2014.   Such information includes, but is not limited to, customers' names, credit card numbers, expiration dates, and cardholder verification values.

10.

"Payment System" refers to Home Depot's payment data system that suffered a data breach spanning from April 2014 to September 2014.

4

11.

"Breach" refers to the cyber-attack on Home Depot's payment data system that led to the disclosure of millions of customers personal payment information over the time period from April 2014 to September 2014.

12.

"All", "each", and "any" shall be construed as "any and all" or "each and every".

13.

The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside the scope.

**INSTRUCTIONS**

1.      Provide a separate and complete response (or, as the case may be, separate objections) for each Interrogatory.

2.      Each Interrogatory shall be construed independently and not with reference to any other Interrogatory for the purpose of limitation or exclusion.

3.      If any part of any Interrogatory is objected to, please state with specificity the grounds for each such objection and respond to all parts of the request to which Defendant does not object to the extent not objectionable.

4.      For any response withheld pursuant to a claim of privilege, a log is to be furnished identifying, for each such response or portion thereof, the basis for any claim of privilege, work product, or other ground of immunity or non-disclosure, and a brief description of the nature and the subject matter of the information sufficient to assess the claim of privilege.

5

5.      If you are unable to fully respond to any Interrogatory, supply the information that is available after exercising due diligence to secure the full information to do so and explain why your response is incomplete, the efforts made by you to obtain responsive information, the source from which all responsive information may be obtained and state whatever information or knowledge Defendants have concerning the unanswered portion, to the best of your knowledge or belief.

6.      These Interrogatories extend to any information in your possession, custody or control, including but not limited to any of your respective employees, agents, attorneys, or other persons acting or purporting to act on your behalf.

7.      These Interrogatories shall be deemed continuing so as to require the disclosure of any additional responsive information you may become aware of between the time of your initial response and the time of trial, as required by Rule 26(e) of the Georgia Code.

8.      The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these Interrogatories any information that might otherwise be construed to be outside their scope.

9.      The singular shall be construed as the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these Interrogatories any information that might otherwise be construed to be outside their scope.

10.      Unless otherwise specifically stated herein, the relevant time period is April 2014 to the present ("Relevant Time Period").

## INTERROGATORIES

1.      Explain in detail how Your Payment System collects, transmits, and stores customer Confidential Information.

2.      Identify the number of Georgia customers that may have had their Confidential Information disclosed as a result of the Breach.

3.      Explain what security measures Your Payment System was equipped with from April to September 2014, specifically those features pertaining to protection from hackers/cyber-attacks and the safeguarding of customers' Confidential Information.

4.      Explain, based on Your investigations, how the hacker(s) responsible for the Breach infiltrated your Payment System.

5.      Explain, based on Your investigations, how the Breach, which occurred in April 2014, went undetected until September 2014.

6.      Explain how and when the Breach was discovered, including what steps You took to confirm that a breach actually occurred.

7.      Identify which entities You consulted during the investigation of the Breach and the duties of each entity contracted to perform services on Your behalf.

8.      Identify (name, title) Your management-level employees that are responsible for maintaining a secure payment system and safeguarding putative class members' Confidential Information.

9.      Explain why Your Payment System was not capable of performing EMV transactions, specifically why Your credit card terminals had not been equipped with EMV technology prior to April 2014.

7

10.     Explain the security benefits of EMV-equipped credit card terminals, specifically how EMV-equipped terminals will increase protection of Your customer's Confidential Information within Your payment system once implemented at the end of 2014.

11.     Explain whether Your Payment System encrypts customer Confidential Information upon use of a credit or debit card at Your point-of-sale terminals, including whether such Confidential Information become unencrypted during transmission or storage within Your Payment System.

12.     Explain whether You have ever considered updating Your Payment System to include point-to-point encryption and tokenization, and if so, the reasons why You had not equipped Your Payment System with such technology by April 2014.

13.     Provide the name and address of each Georgia customer whose Confidential Information may have been disclosed during the Breach.

Respectfully submitted,

R. Brent Irby

OF COUNSEL:
R. Brent Irby
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: birby@mhcilaw.com

8

OF COUNSEL
Todd L. Lord
Attorney at Law
4 Courthouse Square
Post Office Box 901
Cleveland, Georgia 30528
Telephone: (706)219-2239
Facsimile: (706)348-8100
Email: attytllord@windstream.net

OF COUNSEL:
William Greg Dobson
Morris, Lober & Dobson, LLC
Robert E. Lee Building, Suite 201
830 Mulberry Street
Macon, Georgia 31201
Telephone: (478)745-7700
Facsimile: (478)745-4888
Email: mgd@dobsonlawgroup.net

**PLEASE   SERVE   DEFENDANT   VIA   CERTIFIED   MAIL/RETURN   RECEIPT
REQUESTED AS FOLLOWS:**

Home Depot USA. Inc.
c/o CSC of Cobb County, Inc.
192 Anderson Street, S.E.
Suite 125
Marietta, Georgia 30060

## IN THE SUPERIOR COURT OF RABUN COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **ERIKA FARR and CLAUDE GARNER,** | * | |
| **individually and on behalf of a class of** | * | |
| **those similarly situated as defined herein,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Case No.: 2014-CV-0253-C** |
| | * | |
| **THE HOME DEPOT USA, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

COME NOW, Plaintiffs Erika Farr and Claude Garner (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned counsel of record, and pursuant to O.C.G.A. §9-11-34, propound the following requests for production to be answered by Defendant The Home Depot USA, Inc. (hereinafter referred to as "Defendant" or "Home Depot").

The following requests for production are served on you pursuant to the provisions of O.C.G.A. §9-11-34. You are requested to produce each of the following described documents and things at McCallum, Hoaglund, Cook & Irby, LLP, 905 Montgomery Highway, Suite 201, Vestavia Hills, Alabama 35216 by close of business on the 30th day following service of these requests.

This request for production is intended to cover all documents in the possession of Defendant to whom the requests are directed, its attorney(s) or accountant(s), or subject to its custody or control, wherever located.

FILED IN OFFICE OF CLERK SUPERIOR COURT
RABUN COUNTY, GEORGIA. THIS 29th DAY OF
Sept 20 14

HOLLY E. HENRY-PERRY

This request for production shall be continuing in nature, as provided for in O.C.G.A. §9-11-26, requiring timely additions or supplements as further documents become available to Defendant, its agents, employees, accountants, or attorneys.

## DEFINITIONS

### 1.

"You", "Your" and "Defendant" means The Home Depot USA, Inc., their predecessors or successors in interest, their present and former officers, directors and employees, their parent, subsidiaries, divisions, entities, and affiliated companies, and its attorneys, representatives, agents and all other persons acting or authorized to act on their behalf, including third party entities, or any person within a "controlled group of corporations" of which You are a member.

### 2.

"Person(s)" means any natural Person, any business entity (whether a corporation, partnership, or other business association), any government or political subdivision thereof, or governmental body, commission board, agency, bureau, or department.

### 3.

The terms "Communicate" or "Communication" are used in the broadest sense and means, without limitation, any written, oral, electronic and/or other transmission of information of whatever sort, as well as any Document which records, reflects and/or pertains to any such transmission, including without limitation, e-mails, handwritten notes, letters, telegrams, telexes, facsimilies, message slips, statements, discussions, conversations, speeches, meetings, remarks personal calendars, memoranda, and/or sound records and transcripts thereof.

### 4.

The term "Document" shall have the meaning set forth in the Georgia Code and include any electronically stored information, email, or electronic or computerized data compilations, and including every copy of a document which such copy is not an identical duplication of the original, the back of any documents that contains writing, and all drafts or edited versions of documents.

5.

"Including" shall be construed to mean "including, but not limited to."

6.

"Relating" or "Relating to" or "Concerning" any given subject means without limitation, identifying, evidencing, describing, discussing, referring to, concerning, constituting, regarding, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, involving, embodying, containing, mentioning, arising out of, serving as a basis for, relying upon, any other way having a logical or factual connection with the matter in question.

7.

"Identify" shall mean the presentation of all information that may be used to establish the identity of, or ascertain the origin, nature or definitive characteristics of, the given subjection matter. This includes the type of document (letter, memo, etc.), the identity of the author or originator, the date(s) authored or originated, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief, description of the subject matter thereof, all with sufficient particularity to request its production under the Georgia Code.

8.

"Policy(ies)" means any rule, procedure, directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was developed, recognized, instituted and/or implemented by You.

9.

"Confidential Information" refers to Home Depot customer information that was inadvertently disclosed during the Breach over the period from April 2014 to September 2014. Such information includes, but is not limited to, customers' names, credit card numbers, expiration dates, and cardholder verification values.

10.

"Payment System" refers to Home Depot's payment data system that suffered a data breach spanning from April 2014 to September 2014.

11.

"Breach" refers to the cyber-attack on Home Depot's payment data system that led to the disclosure of millions of customers personal payment information over the time period from April 2014 to September 2014.

## INSTRUCTIONS

1.      In producing Documents and other materials, You are requested to furnish all Documents or things in their possession, custody or control, regardless of whether such Documents or materials are possessed directly by them or their directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.      Documents are to be produced in full.  If the requested Document or material cannot be produced in full, produce it to the extent possible, indicating which Document or

materials, or portion of that document or material, is being withheld, and the reason that Document or material is being withheld.

3.      If, for any demand, there are Documents that would have been responsive to these requests, but which were destroyed, lost, or transferred beyond Your possession, custody, or control, describe the circumstances and date on which they were destroyed, lost or transferred.

4.      All Documents shall be produced in the file folder, envelope or other container in which the Documents are kept or maintained by You.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

5.      Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each Document's custodian(s).

6.      Documents attached to each other should not be separated.

7.      Documents not otherwise responsive to this discovery request shall be produced if such Documents mention, discuss, refer to, or explain the Documents which are called for by this discovery request, or if such Documents are attached to Documents called for by this discovery request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

8.      If You claim the attorney-client privilege, or any other privilege or work product protection for any Document, that Document need not be produced, but You shall provide the following information with respect to each such document:

a.      Date;

b.      Author(s) of the Document and each and every other person who prepared or participated in the preparation of the Document;

c.      A description of its subject matter and physical size;

d.      All addressees or recipient(s) of the original or a copy thereof, together with the date or approximate date on which such recipient(s) received said Documents;

e.      All other Persons to whom the contents of the Document have been disclosed, the date such disclosure took place, and the means of such disclosure, the present location of the Document and all copies thereof;

f.      Each and every Person having custody or control of the Document and all copies thereof; and

g.      The nature of the privilege or other rule of law relied upon and any facts supporting Your position.

9.      Unless otherwise stated, the time period applicable to all requests is April 2014 to September 2014 ("Relevant Time Period").

10.      The singular form of a noun or pronoun incudes the plural form, and the plural form includes the singular.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be construed to be outside its scope.

11.      The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these documents any information that might otherwise be construed to be outside their scopes.

## DOCUMENT REQUESTS

1.      All Documents and/or manuals relating to the operation of Your Payment System.

2.      All Documents and/or manuals relating to the safety features and security protocols of Your Payment System.

3.      All Documents or Correspondence, including internal emails, memoranda, or notes, created prior to April 2014 referring to any vulnerabilities or security weaknesses in Your Payment System.

4.      All Documents relating to the threat of cyber-attacks on Your Payment System or the threat of cyber-attacks on the payment data systems of retail stores in general.

5.      All Documents identifying the names and addresses of Your Georgia customers whose Confidential Information may have been disclosed during the Breach.

6.      All company directives, guidelines, policies, manuals, and/or other Documents referring or relating to the protection or safeguarding of putative class members' Confidential Information.

7.      All contracts entered into between You and any third-party from April 2014 to the present which refer or relate in any way to the Breach and/or the disclosure of putative class members' Confidential Information.

8.      All minutes, agenda, notes, and/or other Documents relating to any meetings held by You, including meetings with third-parties, relating to the Breach and the disclosure of the putative class members' Confidential Information.

9.      All Documents, including reports, memoranda, emails, and notes, from

any investigation conducted by You or on Your behalf into the facts surrounding the Breach and disclosure of the putative class members' Confidential Information.

10.    All contracts, agreements, and/or written correspondence between You and any other entity and/or person referring or relating to the safeguarding and protection of the putative class members' Confidential Information either before or after April 2014.

11.    All Documents, including reports, memoranda, emails, notes, and any other correspondence, between You and any other entity referring or relating to any investigation into the Breach and disclosure of putative class members' Confidential Information.

12.    All Documents referring or relating to any decision to use, not use, or delay the switch from Your current credit card terminals to EMV-ready credit card terminals, including a list of anyone (by full name, address, and telephone number) who had any roll in such decisions.  This Request specifically includes all documents for management-level persons employed by or working for Home Depot from April 2010 to the present, including all memoranda, correspondence, emails, and notes.

13.    All electronic communications sent to, by or received by all management-level employees who are or were employed by Home Depot at any time from August 2010 to the present, including emails and SMS or text messages which reference, mention, or concern the storage, maintenance or protection of customer confidential information.  This Request applies to all communications, regardless of where they are currently stored, and includes, but is not limited, communications stored on personal computers, handheld devices, servers, and/or any archive medium.  Please provide this information in native format and produce all related metadata.

8

14.    List of the full names and last known addresses of every Home Depot customer in Georgia who requested enrollment into the free credit monitoring program offered by You on the Home Depot website on September 8, 2014.

15.    All contracts or agreements between You and the company that is providing the credit monitoring program offered by You to the putative class members on Your website on September 8, 2014.

16.    List of the names and addresses of every Home Depot customer in Georgia whose Confidential Information may have been disclosed during the Breach.

_____

R. Brent Irby

OF COUNSEL:
R. Brent Irby
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: birby@mhcilaw.com

OF COUNSEL
Todd L. Lord
Attorney at Law
4 Courthouse Square
Post Office Box 901
Cleveland, Georgia 30528
Telephone: (706)219-2239
Facsimile: (706)348-8100
Email: attytllord@windstream.net

OF COUNSEL:
William Greg Dobson
Morris, Lober & Dobson, LLC
Robert E. Lee Building, Suite 201
830 Mulberry Street
Macon, Georgia 31201
Telephone: (478)745-7700
Facsimile: (478)745-4888
Email: mgd@dobsonlawgroup.net


**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED AS FOLLOWS:**

Home Depot USA. Inc.
c/o CSC of Cobb County, Inc.
192 Anderson Street, S.E.
Suite 125
Marietta, Georgia 30060

10

# IN THE SUPERIOR COURT OF RABUN COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ERIKA FARR and CLAUDE GARNER, individually and on behalf of a class of those similarly situated as defined herein, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Case No.: 2014-CV-0253-C |
| THE HOME DEPOT USA, INC., | * * | |
| Defendant. | * | |

## FIRST AMENDED CLASS ACTION COMPLAINT

COME NOW, Erika Farr and Claude Garner ("Plaintiffs"), on behalf of themselves and all others similarly situated as defined herein, and bring this class action suit against Defendant The Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") and allege as follows:

### NATURE OF THE ACTION

1.      Plaintiffs bring this class action suit on their own behalf, and on behalf of those similarly situated as defined herein, against Defendant Home Depot as a result of Home Depot's failure to safeguard its customers' personally identifiable and protected financial information. Plaintiffs' claims are brought solely under Georgia law, and Plaintiffs state that they do not bring any federal claims and disclaim any and all claims under any federal laws, statutes, or regulations.

2.      During the months of April through September 2014, Home Depot sustained a massive security breach (hereinafter as "the Breach") to the company's payment data systems (hereinafter "Payment System"), that otherwise would not have occurred or would not have occurred with such severity, but for Home Depot's failure to maintain adequate and reasonable data security.

FILED IN OFFICE OF CLERK SUPERIOR COURT
RABUN COUNTY, GEORGIA. THIS 29th DAY OF
Sept                              , 2014
HOLLY E. HENRY-PERRY                CLERK

3.     The Breach placed the sensitive, personal financial information of Plaintiffs and class members in the hands of cyber-criminals. Such information includes customer names, billing addresses, zip codes, credit and debit card numbers, card expiration dates, and card verification codes (collectively "Confidential Information").

4.     Home Depot obtained Plaintiffs' and class members' Confidential Information by collecting such information in connection with in-store and online purchases, use of online forums, website survey registrations, loyalty program registrations, etc.[1]

5.     Home Depot owed a legal duty to Plaintiffs and the other class members to maintain a secure Payment System equipped with the latest privacy technology in order to best protect Confidential Information within its Payment System. This legal duty arose from the facts and circumstances surrounding Home Depot's collection of customer Confidential Information, promises by Home Depot (whether express or implied) to protect customers' Confidential Information, and the reasonable expectations of Home Depot customers.

6.     Moreover, maintaining up-to-date data security is a very expensive endeavor. But rather do what is reasonable and expected in the retail industry, Home Depot, the world's largest home improvement retailer, maintained a grossly inadequate Payment System, saving significantly on the costs of providing adequate security and placing its customers at an unnecessary risk.

7.     Home Depot was well aware of the security vulnerabilities of its Payment System, yet failed to warn Plaintiffs and class members of those risks and the susceptibility of its Payment System to unlawful and unauthorized access, such as the Breach here; failed to remedy known defects in its Payment System that made it vulnerable to the Breach; and continued to encourage its customers to buy Home Depot products without warning them about the inherent risks of

---

[1] *See* THE HOME DEPOT, INC. PRIVACY AND SECURITY STATEMENT, http://www.homedepot.com/c/Privacy_Security (last visited Sept. 9, 2014.).

2

purchasing products with payment cards and relying on an unsecure Payment System to adequately protect their Confidential Information.

8.      Home Depot knew or should have known that its inadequate Payment System placed Home Depot at an increased risk for cyber-attacks, which directly and proximately caused the theft of Plaintiffs' and class members' Confidential Information.  Specifically, Home Depot was on notice that many retailers recently had their security walls broken in recent months, including Target, Sally Beauty, P.F. Chang's, and the thrift store operations of Goodwill.  These widespread security breaches led many retailers, financial institutions, and credit card companies to explore more secure means of transacting customer payment information, including replacing point-of-sale terminals with updated terminals capable of reading Europay, Mastercard, and Visa ("EMV") cards—more secure credit and debit cards that contain a microchip.  Home Depot was aware that improvements to its Payment System, like obtaining registers capable of reading the more secure EMV cards or point-to-point encryption and tokenization of Confidential Information, would provide Home Depot customers with the utmost protection available for storing Confidential Information on payment data systems.

9.      As a result of Home Depot's failure to reasonably and adequately secure its Payment System, the Breach occurred and Plaintiffs' and the class members' Confidential Information was compromised and publicly disclosed on the black market.  Plaintiffs and class members have been harmed and continue to be harmed by the release of their Confidential Information, which is currently being exchanged among perpetrators for unlawful purposes. Among these unlawful activities are fraudulent transactions and identity theft in the form of improperly opened bank accounts, credit cards, investment accounts, etc. in the name of Plaintiffs and class members based on information obtained during the Breach.  Further, the unauthorized

3

and prohibited disclosure of Confidential Information harmed Plaintiffs and class members because they have suffered an invasion of their privacy, have spent or will need to spend considerable time and expense to protect themselves against identity theft and damage to their credit ratings, have been or will be forced to have fraud alerts placed through credit reporting agencies, have been deprived of the exclusive use and control of their Confidential Information, have incurred or will incur the costs of time and money to monitor their credit card accounts, credit reports, and other financial information to protect themselves against identity theft and other improper use of the disclosed Confidential Information, and have otherwise suffered economic damages.

## JURISDICTION AND VENUE

10.    Plaintiffs, like members of the class defined herein, are citizens of the State of Georgia residing in Georgia.  Defendant Home Depot is a public corporation with its principal place of business in Atlanta, Georgia.

11.    Venue is proper in this county because Home Depot conducts business in this county and Plaintiffs reside in this county.

## PARTIES

12.    Plaintiff Erika Farr is an adult citizen of the State of Georgia residing in Georgia and in this county.  Plaintiff Farr made a purchase at Home Depot Store #8412 in Clayton, Georgia by credit or debit card on August 7, 2014.

13.    Plaintiff Claude Garner is an adult citizen of the State of Georgia residing in Georgia and in this county.  Plaintiff Garner made several purchases at two Home Depot locations—Store #159 in Atlanta, Georgia and Store #6986 in Buckhead, Georgia—by credit and/or debit card during the time period at issue in this action.

4

14.     Defendant Home Depot is a public corporation with its principal place of business in Atlanta, Georgia.  Home Depot has locations and conducts business throughout Georgia.

FACTUAL ALLEGATIONS

*Collection of Confidential Information*

15.     Home Depot is the world's largest home retail store, boasting 2,266 stores throughout the United States, Canada, and Mexico.

16.     Home Depot collects a wide array of customer information.  According to its Privacy and Security Statement (available online), Home Depot obtains customer contact information, payment information, returns information, demographic information, and location information.[2]

17.     Home Depot collects such information in connection with an online or in-store purchase.[3]

18.     Home Depot's Privacy and Security webpage contains a headline in bold, enlarged font, "SHOP WITH PRIVACY AND SECURITY."[4]  The Home Depot Privacy and Security Statement goes on to detail how "The Home Depot values and respects the privacy of its customers and visitors."  Such language signifies to consumers that, although Home Depot collects Confidential Information during purchases, their personal financial information will be secure on Home Depot's Payment System.  Consumers are erroneously led to believe that they can shop at Home Depot with confidence, knowing that the Home Depot Payment System ensures their "privacy and security."

---

[2] *See* THE HOME DEPOT, INC. PRIVACY AND SECURITY STATEMENT, http://www.homedepot.com/c/Privacy_Security.
[3] *See id.*
[4] *Id.*

5

*The Breach*

19.     Upon information and belief, sometime during April 2014, Home Depot's Payment System was attacked by hackers.  During this cyber-attack, the hackers accessed and stole millions of Home Depot customers' Confidential Information, including that of Plaintiffs and class members.

20.     Home Depot knew or should have known that its Payment System was not secure and accordingly left Plaintiffs' and class members' Confidential Information vulnerable to attack, theft, and misuse.

21.     Home Depot recklessly, or as a matter of gross negligence, failed to provide reasonable and adequate security measures.

22.     Upon information and belief, Home Depot's Payment System was so ineffective that the malware installed within the payment data system went undiscovered for a period of over three (3) months.

23.     On September 2, 2014, Home Depot released a statement that it was investigating "unusual activity" concerning customer financial information but failed to admit that a data breach actually occurred, despite widespread reports from financial institutions and security experts that a breach had occurred.

24.     Home Depot failed to notify Plaintiffs and class members in a timely manner as required by law because its customers were forced to wait nearly a week before Home Depot actually admitted that a breach occurred.

6

25.   On September 8, 2014, Home Depot released the following statement:

Last Tuesday, September 2, we disclosed that we were investigating a possible breach of our payment data systems. We want you to know that we have now confirmed that those systems have in fact been breached, which could potentially impact any customer that has used their payment card at our U.S. and Canadian stores, from April forward.

According to Home Depot, the hacked Confidential Information included "[p]ayment card information such as name, credit card number, expiration date, cardholder verification value and the service code for purchases made at Home Depot stores in 2014, from April on."

26.   Upon information and belief, Plaintiffs' and class members' Confidential Information obtained during the Breach hit the black market in September 2014. On September 2, 2014, *Rescator*, a website specializing in the sale of stolen financial information, advertised two enormous sets of stolen credit and debit card information containing Home Depot customers' Confidential Information. As advertised, *Rescator* indexes each stolen card by the city, state, and zip code of the Home Depot store from which each card was stolen. Further, *Rescator* advertised that each card had a "valid rate of 100%," meaning that every individual's Confidential Information available for purchase was valid and ready for use.

***Inadequacy of Home Depot's Payment System***

27.   Upon information and belief, the Breach was the direct result of Home Depot's failure to maintain a secure Payment System with the latest advancements in the protection of financial information, such as EMV transactions and point-to-point data encryption and tokenization.[5] As a direct and proximate cause of Home Depot's actions and/or inactions, Plaintiffs' and class members' Confidential Information is currently in the hands of cyber criminals

---

[5] Aleksandr Yampolskiy, chief executive of SecuirtyScorecard, Inc., gave Home Depot's security system an overall "C rating." Privacy Monday, *available at* http://www.privacyandsecuritymatters.com/2014/09/privacy-monday-september-8-2014/.

and actively being purchased off of black market websites and used for fraudulent purchases and identity theft.

28.     On September 8, 2014, Home Depot even admitted that more secure methods of transacting payment information were available and that Home Depot was rushing to bring its system up to EMV standards: "Responding to the increasing threat of cyber-attacks on the retail industry, The Home Depot previously confirmed it will roll out EMV "Chip and PIN" to all U.S. stores by the end of this year. . . ."[6]  As addressed above, EMV systems are the most secure form of payment card transactions currently available to retail stores, such as Home Depot.  Unlike magnetic strip cards, the chip on EMV cards uses cryptography and a host of other security measures that create a multifaceted defense against credit card fraud.  The chip-and-PIN technology on EMV cards makes credit cards very difficult to counterfeit and therefore makes data breaches, like the one at issue here, less appealing to cyber-criminals.

29.     Upon information and belief, Home Depot currently uses terminals that are *capable* of reading both EMV and magnetic strip cards but do not yet have the chip-reading technology enabled to *actually perform* a more secure EMV transaction.

30.     Home Depot's failure to implement a more secure Payment System prior to the Breach represents a complete failure on its part to protect Plaintiffs' and class members' Confidential Information.  Based on widespread data breaches in similar retail stores, Home Depot knew or at least should have known that its Payment System was unsecure, susceptible to cyber-attack, and more importantly, that additional precautions were available to protect its customers' Confidential Information.

---

[6] The Home Depot Provides Update on Breach Investigation, *available at* http://corporate.homedepot.com/MediaCenter/Pages/Statement1.aspx.

31.    Upon information and belief, Home Depot failed to ensure that its Payment System was equipped with the latest security technology sufficient to protect customers' Confidential Information because of the cost associated with updating point-of-sale terminals to support EMV enabled cards and point-to-point encryption.  As cyber security expert Bryan Krebs explains it, Home Depot is more concerned with increasing profits than adequately securing its Payment System: "Traditionally retail's been one of the more challenging industries to sell security software and services to . . . . [because] [t]hey're extremely bottom-line-oriented, they have thin profit margins.  They see every dollar invested in security as a dollar they're not earning."[7]  "Encryption needs to happen in the terminal hardware and it's a technology that might have prevented many of these recent breaches . . . . Until now, most merchants look at the price tag of point-to-point encryption and decide not to do it."[8]

32.    Home Depot's failure to ensure that its Payment System was current with up-to-date security standards provided Home Depot with short-term and fleeting benefits in the form of saving on the costs of compliance at the expense and to the severe detriment of Home Depot's own customers, including Plaintiffs and class members described herein.

***Damages to Plaintiffs and Class Members***

33.    On August 7, 2014, Plaintiff Erika Farr's USAA check card was swiped at a point-of-sale terminal while she made a purchase at Home Depot Store #8412 located at 1551 Hwy 441 South, Clayton, Georgia, 30525.  Plaintiff Farr believed Home Depot would maintain the Confidential Information contained on her check card in a reasonably secure manner and provided

---

[7] A Tiny Bit of Solace for Banks in Home Depot Breach, *available at* http://www.americanbanker.com/issues/179_174/a-tiny-bit-of-solace-for-banks-in-home-depot-breach-1069846-1.html (last visited Sept. 12, 2014).
[8] Retail Breaches Could Spur Channel Business, Modernized Payment Systems, *available at* http://www.crn.com/news/security/300074005/retail-breaches-could-spur-channel-business-modernized-payment-systems.htm (last visited Sept. 12, 2014).

her card to Home Depot on that basis.  Had Plaintiff Farr known that Home Depot would not maintain her information in a reasonably secure manner, she would not have allowed her card to be swiped at Home Depot's point-of-sale terminal.

34.    Plaintiff Farr's Confidential Information associated with her payment card was compromised in and as a result of the Breach.  Plaintiff Farr was harmed by having her financial and personal information disclosed to cyber-criminals.  Plaintiff Farr faces the imminent and certainly impending threat of future harm from identity theft and credit card fraud now that her Confidential Information is available for purchase on the black market.

35.    On several different occasions, Plaintiff Claude Garner's BB&T debit card was swiped at a point-of-sale terminal while he made purchases at either Home Depot Store #159 located at 650 Ponce De Leon, Atlanta, Georgia, 30308 or Home Depot store #6986 located at 2525 Piedmont Road NE, Atlanta, Georgia, 30324.  Plaintiff Garner believed Home Depot would maintain the Confidential Information contained on his debit card in a reasonably secure manner and he provided his card to Home Depot on that basis.  Had Plaintiff Garner known that Home Depot would not maintain his information in a reasonably secure manner, he would not have allowed his debit card to be swiped at Home Depot's point-of-sale terminal.

36.    Plaintiff Garner's Confidential Information associated with his payment card was compromised in and as a result of the Breach.  Plaintiff Garner was harmed by having his financial and personal information disclosed to cyber-criminals.  Plaintiff Garner faces the imminent and certainly impending threat of future harm from identity theft and credit card fraud now that his Confidential Information is available for purchase on the black market.

37.    As a result of Home Depot's unreasonable, unfair, inadequate, and less than industry-standard security for its Payment System, cyber-criminals now possess the Confidential

10

Information of Plaintiffs and class members. While credit card companies offer protection against unauthorized charges, the process is long, costly, and frustrating. Physical cards must be replaced, credit card information must be updated on all automatic payment accounts, and victims must add themselves to credit fraud watch lists, which substantially impairs victims' ability to obtain additional credit. Immediate notice of the breach is essential to obtain the best protection afforded by these services. As alleged above, Home Depot failed to provide such immediate notice, thus further exacerbating the damages sustained by Plaintiffs and class members arising from the Breach.

38.    Plaintiffs and class members suffered additional damages arising from the costs associated with identity theft and the increased risk of identity theft caused by Home Depot's failure to adequately protect their Confidential Information.

39.    Plaintiffs and class members suffered additional damages based on the opportunity cost and value of time that Plaintiff and class members have been forced to expend to monitor their financial information and bank accounts as a result of the Breach.

40.    A portion of the products purchased from Home Depot by Plaintiffs and class members necessarily included compliance with industry-standard measures with respect to the collection and safeguarding of Confidential Information. Because Plaintiffs and class members were denied privacy protections that they paid for and were entitled to receive, Plaintiffs and the class members incurred actual monetary damages in that they overpaid for the products purchased from Home Depot.

41.    Home Depot disregarded and irreparably harmed Plaintiffs' and class members' privacy rights by intentionally, willfully, recklessly, and/or negligently failing to take the necessary precautions to ensure that the Confidential Information of its customers was not publicly disclosed.

Plaintiffs' and class members' greatly value their exclusive access to and the confidentiality of their personal Confidential Information.  Plaintiffs suffered harm now that their Confidential Information is no longer private.

42.     As a result of Home Depot's intentional, willful, reckless, and/or blatant disregard for the security of its customer's Confidential Information, Plaintiffs' and class members' financial reputation and financial well-being is now in the hands of criminals.  Plaintiffs and class members, as a condition of purchasing products from Defendant, entrusted Home Depot with their Confidential Information.   Based on the representations made in its Privacy and Security Statement, Home Depot misrepresented the secure nature of its Payment System to Plaintiffs and class members.  In doing so, Home Depot violated the trust and privacy of Plaintiffs and class members by failing to properly secure its Payment System such that customers' Confidential Information was readily susceptible to hackers.   Thereby, Home Depot attracted third-party criminals to its Payment System because of its inherent vulnerability.  Moreover, the weaknesses within Home Depot's Payment System enabled the hackers to infiltrate and remain undetected within it for over three months.  As a result, Plaintiffs' and Class Members' personal financial information is actively being sold on the cyber black market in which criminals openly post stolen credit card numbers, Social Security numbers, and other personally identifiable information on a number of Internet websites.  By having such Confidential Information publicly accessible and readily available to criminals, Plaintiffs and class members' privacy rights have and continue to be damaged.

## CLASS ACTION ALLEGATIONS

43.     Plaintiffs bring their claims individually and on behalf of the following proposed Georgia-only class:

> All Georgia citizens residing in the State of Georgia whose
> confidential information was lost, stolen, compromised, and/or
> disclosed as a result of the events surrounding the loss of
> confidential customer financial information by Home Depot
> between April 2014 to the present.

44.    This action is maintainable as a class action pursuant to O.C.G.A. § 9-11-
23(a)(b)(1)-(3).

45.    The class is so numerous that joinder of all members is impractical. While the exact
number of class members cannot be quantified at this time, Home Depot has publicly
acknowledged an unauthorized disclosure of Confidential Information for hundreds of thousands,
if not millions, of its customers, including those customers in Georgia.

46.    Joinder of class members' individual actions is also impractical because of the
limited ability of individual class members to institute separate suits and the general nature of the
underlined action and relief sought.

47.    There are substantial questions of fact and law common to all class members. The
legal issues are limited to a series of identifiable violations of industry duties and standards of care
that created the scenario under which the Breach could occur and that culminated in a wrongful
disclosure of Confidential Information that occurred between April 2014 and September 2014
when millions of customers' credit and debit card information were removed from Home Depot's
possession. The factual issues relating to Home Depot's violations of industry standards and legal
duties are common to all class members. Similarly, the relief Plaintiffs seek on their own behalf
and on behalf of all class members is dominated by equitable and legal remedies. The facts,
circumstances, and merits of the case, therefore, apply equally to all class members.

48.    The claims of the representative Plaintiffs are typical of the claims of the class
members. The representative Plaintiffs are Home Depot customers who had their Confidential

13

Information improperly disclosed by Home Depot as a result of the Breach. The claims of the other class members therefore mirror the claims brought by the representative Plaintiffs.

49.     The representative Plaintiffs will fairly and adequately protect the interests of the class. The claims and causes of action brought by the representative Plaintiffs span the breadth of issues raised in this action.

50.     Counsel for the representative Plaintiffs are qualified and experienced and will confidently and vigorously prosecute this action. Counsel for the representative Plaintiffs have significant experience in this field and are able and willing to commit the necessary resources to complete a thorough prosecution of this action.

51.     The interests of the representative Plaintiffs are not antagonistic to or in conflict with any other members of the class.

52.     Home Depot has acted and refused to act on grounds generally applicable to the class, thus rendering final injunctive and declaratory relief with respect to the class as a whole an appropriate remedy.

53.     The prosecution of separate actions by individual class members would create a risk of inconsistent results or varying adjudications that could establish incompatible standards of conduct for Home Depot.

54.     Questions of law or fact applicable to the members of the class predominate over any questions affecting only individual members.

55.     A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because:     (a) The common interests of the class members predominate over any questions affecting only individual members;  (b) no similar litigation concerning the controversy is known to have been commenced by members of the class;  (c)

concentrating litigation of this action in this Court would ensure appropriate, consistent, and efficient resolution of the issues raised in the jurisdiction where the offending conduct occurred; and (d) the difficulties in managing an action involving class members known to Home Depot such that Home Depot was able to notify class members of the disclosure of Confidential Information at issue herein by mail. Because of the nature of this action and the publicity the events at issue in this lawsuit have already received, adequate notice to any class members whose mailing addresses are not currently contained with Home Depot's database may be effectuated through notice by publication.

## FIRST CAUSE OF ACTION

### Invasion of Privacy

56. Plaintiffs reallege and incorporate the preceding paragraphs as full set forth herein.

57. Between April 2014 and September 2014, Defendant Home Depot negligently disclosed the Plaintiffs' and the class members' Confidential Information. Home Depot's actions and/or inactions caused the theft and dissemination into the public domain of the Plaintiffs' and class members' Confidential Information.

58. The Confidential Information disclosed by Home Depot's actions and/or inactions were private to the Plaintiffs and the individual class members, and the publication of this information is objectionable to a reasonable man of ordinary sensibilities under the circumstances at issue in this case.

59. The invasion of Plaintiffs' and the class members' privacy occurred as a direct and proximate result of Home Depot's failure to secure the protection of Plaintiffs' and the class members' Confidential Information, and Plaintiffs and class members have been damaged thereby.

## SECOND CAUSE OF ACTION

### Negligence/Wantonness

60.     Plaintiffs reallege and incorporate the preceding paragraphs as full set forth herein.

61.     Defendant Home Depot has a duty to exercise reasonable care in safeguarding and protecting Plaintiffs' and the class members' Confidential Information.

62.     Defendant Home Depot negligently and/or wantonly violated its duty by failing to exercise reasonable care in safeguarding and protecting Plaintiffs' and the class members' Confidential Information.

63.     Alternatively, Home Depot's conduct set forth herein was so reckless and so charged with indifference to the consequences of its failure to exercise reasonable care in safeguarding and protecting Plaintiffs' and the class members' Confidential Information as to amount to wantonness under Georgia law.

64.     It was reasonably foreseeable that Home Depot's failure to exercise reasonable care in safeguarding and protecting Plaintiffs' and the class members' Confidential Information would result in an unauthorized disclosure of said Confidential Information.

65.     Plaintiffs and the class members have been damaged as a direct and proximate result of Home Depot's actions and/or inactions set forth herein in the form of, without limitation, expenses for credit monitoring and insurance, expenses for periodic credit reports, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and noneconomic harm.

66.     Home Depot's wrongful actions and/or inactions set forth above constitute negligence and/or wantonness under Georgia common law.

### THIRD CAUSE OF ACTION

### Breach of Express or Implied Contract

67.     Plaintiffs reallege and incorporate the preceding paragraphs as full set forth herein.

68.     Based on the statements in Home Depot's Privacy and Security Statement, Plaintiffs and class members believed that Home Depot valued and respected the privacy rights of its customers in regards to the collection of Confidential Information. Based on this understanding, a contract existed between Home Depot and the Plaintiffs and class members that Home Depot would not disclose such Confidential Information in a manner not authorized by applicable law or industry standards.

69.     Home Depot's Privacy and Security Statement, provided to Plaintiffs and the class members on Home Depot's website, constitutes an express contract or at the very least created a meeting of the minds that was inferred from the conduct of the parties. Plaintiffs and the class members fully discharged their obligations under the contract.

70.     Home Depot breached its contracts with the Plaintiffs and the class members by failing to safeguard and protect Plaintiffs' and the class members' Confidential Information such that an unauthorized disclosure of Plaintiffs' and the class members' Confidential Information occurred.

71.     As a direct and proximate result of Home Depot's breach of its contracts with the Plaintiffs and class members, Plaintiffs and the class members have been damaged in an amount to be proven at trial.

72.     As further damages, Plaintiffs and the class members request restitution and costs of mitigation including, but not necessarily limited to, the purchase of credit monitoring, credit

17

insurance, periodic credit reports and expenses associated with the loss or replacement of the valuable financial information disclosed by Home Depot.

### FOURTH CAUSE OF ACTION

#### Unjust Enrichment

73.    Plaintiffs reallege and incorporate the preceding paragraphs as full set forth herein.

74.    Under the circumstances outlined herein, Home Depot's failure to take necessary precautions for safekeeping Plaintiffs' and class members' Confidential Information diminished the value of the goods they purchased.  Home Depot has been unjustly enriched by accepting payment of the full purchase price for Home Depot products from Plaintiffs and class members. A portion of the price paid by Home Depot customers necessarily included compliance with the latest security processes with respect to the collection and safeguarding of Confidential Information.  Plaintiffs and class members paid full value for Home Depot products and were entitled to receive a safer and more secure Payment System than the system used by Home Depot. Because Plaintiff and class members paid for such protection and did not receive it, Home Depot has been unjustly enriched.  Accordingly, this Court should impose a constructive trust on those monies by which Defendant has been unjustly enriched as a result of the negligent maintenance of its Payment System described herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all class members, respectfully request the following:

a.    That this Court enter an Order on all causes of action certifying this case as a class action, appointing Plaintiffs as the class representatives, and appointing Plaintiffs' counsel of record as class counsel;

18

b.      That this Court award declaratory and injunctive relief as permitted by law or
equity, including enjoining Home Depot from continuing the unlawful practices as
set forth herein, directing Home Depot to review, modify, and update as necessary
its security procedures for protecting its customers' Confidential Information, and
directing Home Depot to notify, with Court supervision, all victims of Home
Depot's conduct, that Defendant will pay for the Plaintiffs' and the class members'
credit monitoring for a period not less than three years, that Home Depot will pay
for all identity theft related damages suffered by Plaintiffs and the class members
and/or provide credit insurance for Plaintiffs and every class member for a period
not less than three years, and that Home Depot will undergo internal audits on a
periodic basis not less than annually by a third party qualified to conduct such audits
to ensure adequacy of the security of the personal financial information of Home
Depot customers.

c.      That this Court direct Home Depot to provide all class members with bank account
and other financial account monitoring and/or monitoring services for a period of
not less than three years;

d.      That this Court award Plaintiffs and members of the class nominal damages on the
first cause of action set forth herein of an amount that is identical for every class
member.

e.      That this Court award Plaintiffs and members of the class actual damages under all
causes of action herein that entitle Plaintiffs and class members to actual damages;

19

f.     That this Court award Plaintiffs and the class members exemplary damages in an amount that is identical for every class member for Home Depot's intentional, willful, and wanton conduct as alleged herein;

g.     That this Court award Plaintiffs and the class members pre-judgment and post-judgment interest as may be authorized by law, as well as their reasonable attorney's fees and other costs;

h.     That the Court direct Home Depot to notify all class members of any information that may come into Home Depot's possession indicating that any of the customers for whom Confidential Information was disclosed without prior authorization have been the victims of identity theft or other improper use of their Confidential Information; and

i.     That this court provide any other legal and/or equitable relief as requested in this action or as may be permitted by law and as justice requires.

## JURY TRIAL DEMANDED

Plaintiffs, on behalf of themselves and all class members as defined herein, hereby demand a trial by jury on all issues so triable.

_____
R. Brent Irby

OF COUNSEL:
R. Brent Irby
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: birby@mhcilaw.com

20

OF COUNSEL
Todd L. Lord
Attorney at Law
4 Courthouse Square
Post Office Box 901
Cleveland, Georgia 30528
Telephone: (706)219-2239
Facsimile: (706)348-8100
Email: attytllord@windstream.net

OF COUNSEL:
William Greg Dobson
Morris, Lober & Dobson, LLC
Robert E. Lee Building, Suite 201
830 Mulberry Street
Macon, Georgia 31201
Telephone: (478)745-7700
Facsimile: (478)745-4888
Email: mgd@dobsonlawgroup.net

**PLEASE   SERVE   DEFENDANT   VIA   CERTIFIED   MAIL/RETURN   RECEIPT
REQUESTED AS FOLLOWS:**

Home Depot USA. Inc.
c/o CSC of Cobb County, Inc.
192 Anderson Street, S.E.
Suite 125
Marietta, Georgia  30060

SHERIFF'S ENTRY OF SERVICE                    SC-85-2

| | | |
|---|---|---|
| Civil Action No. **2014- CV-0253-C** | Superior Court ☒ | Magistrate Court ☐ |
| | State Court ☐ | Probate Court ☐ |
| Date Filed **September 4, 2014** | Juvenile Court ☐ | |

656943

Georgia, __Rabun__ COUNTY

Attorney's Address

Evika Farr and Claude Garner
Individually and on behalf of a class
of those Similarly situated
_____ Plaintiff

Todd L. Lord
**Attorney at Law**
P. O. Box 901
**Cleveland**, GA 30528

VS.

Name and Address of Party to be Served.

The Home Depot USA Inc
_____

Home Depot USA Inc
c/oCSC of Cobb County Inc
192 Anderson Street, SE, Ste 125
Marietta GA 30060

Defendant

14 SEP 18 AM 10:5     COBB CO. SHERIFF'S CIVIL SECTION SHERIFF

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of
the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐

Served the defendant __Home Depot USA Inc__ a corporation
by leaving a copy of the within action and summons with __Terri Thompson__
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This __23__ day of __Sept__ , 20 __14__ .

FILED IN OFFICE OF CLERK SUPERIOR COURT
CLERK COUNTY, GEORGIA. THIS 1ST DAY OF
October 2014

__Driskell Coot__
DEPUTY

SHERIFF DOCKET _____ PAGE _____

HENRY PERRY     CLERK

WHITE-CLERK     CANARY-PLAINTIFF     PINK-DEFENDANT

IN THE SUPERIOR COURT OF RABUN COUNTY
STATE OF GEORGIA

ERIKA FARR and CLAUDE GARNER, *
individually and on behalf of a class of *
those similarly situated as defined herein, *
                        *
      Plaintiffs,         *
                        *
v.                        *   Case No.: 2014-CV-0253-C
                        *
THE HOME DEPOT USA, INC.,  *
                        *
      Defendant.        *

## MOTION TO ADD PARTY PLAINTIFFS

COME NOW, Plaintiffs in the above-referenced action, and hereby respectfully move to add Carlton and Sandra Smith as party Plaintiffs to this action. As grounds hereto, Plaintiffs show as follows:

1.     This action was filed on September 4, 2014. Service was perfected on Home Depot on or about September 23, 2014. Defendant Home Depot has not yet answered or responded in this matter.

2.     Plaintiffs move to add Carlton and Sandra Smith as named party Plaintiffs in this action. A proposed Second Amended Class Action Complaint including Carlton and Sandra Smith as named party Plaintiffs in this action is attached to this motion. As shown in the proposed Second Amended Class Action Complaint, Carlton and Sandra Smith were, like the other Plaintiffs, also victims of Home Depot's massive data breach. As such, they assert the same allegations and claims as the previous named Plaintiffs in this matter.

FILED IN OFFICE OF CLERK SUPERIOR COURT
RABUN COUNTY, GEORGIA. THIS **3rd** DAY OF
**October** , 20 **14**
HOLLY E. HENRY-PERRY     CLERK

3.      Defendant Home Depot would not be prejudiced by the addition of Carlton and Sandra Smith as party Plaintiffs to this action.  Indeed, this case was only recently filed, is in its initial stages, and Home Depot has not yet answered.

4.      Accordingly, Plaintiffs respectfully request that this Honorable Court grant the Motion to Add Carlton and Sandra Smith as parties to this matter, and request that the proposed Second Amended Class Action Complaint be allowed and filed.  A proposed Order is attached hereto.

Respectfully submitted this 1st day of October, 2014.

R. Brent Irby

OF COUNSEL:
R. Brent Irby
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: birby@mhcilaw.com

OF COUNSEL
Todd L. Lord
Attorney at Law
4 Courthouse Square
Post Office Box 901
Cleveland, Georgia 30528
Telephone: (706)219-2239
Facsimile: (706)348-8100
Email: attytllord@windstream.net

OF COUNSEL:
William Greg Dobson
Morris, Lober & Dobson, LLC
Robert E. Lee Building, Suite 201
830 Mulberry Street
Macon, Georgia 31201
Telephone: (478)745-7700
Facsimile: (478)745-4888
Email: mgd@dobsonlawgroup.net

## PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED AS FOLLOWS:

Home Depot USA. Inc.
c/o CSC of Cobb County, Inc.
192 Anderson Street, S.E.
Suite 125
Marietta, Georgia 30060

# Attachment

# IN THE SUPERIOR COURT OF RABUN COUNTY
## STATE OF GEORGIA

ERIKA FARR, CLAUDE GARNER,  
CARLTON SMITH, and SANDRA  
SMITH, individually and on behalf of a  
class of those similarly situated as defined  
herein,

      Plaintiffs,

v.

THE HOME DEPOT USA, INC.,

      Defendant.

Case No.: 2014-CV-0253-C

## SECOND AMENDED CLASS ACTION COMPLAINT

COME NOW, Erika Farr, Claude Garner, Carlton Smith, and Sandra Smith ("Plaintiffs"), on behalf of themselves and all others similarly situated as defined herein, and bring this class action suit against Defendant The Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") and allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs bring this class action suit on their own behalf, and on behalf of those similarly situated as defined herein, against Defendant Home Depot as a result of Home Depot's failure to safeguard its customers' personally identifiable and protected financial information. Plaintiffs' claims are brought solely under Georgia law, and Plaintiffs state that they do not bring any federal claims and disclaim any and all claims under any federal laws, statutes, or regulations.

2.     During the months of April through September 2014, Home Depot sustained a massive security breach (hereinafter as "the Breach") to the company's payment data systems (hereinafter "Payment System"), that otherwise would not have occurred or would not have

occurred with such severity, but for Home Depot's failure to maintain adequate and reasonable data security.

3.     The Breach placed the sensitive, personal financial information of Plaintiffs and class members in the hands of cyber-criminals. Such information includes customer names, billing addresses, zip codes, credit and debit card numbers, card expiration dates, and card verification codes (collectively "Confidential Information").

4.     Home Depot obtained Plaintiffs' and class members' Confidential Information by collecting such information in connection with in-store and online purchases, use of online forums, website survey registrations, loyalty program registrations, etc.[1]

5.     Home Depot owed a legal duty to Plaintiffs and the other class members to maintain a secure Payment System equipped with the latest privacy technology in order to best protect Confidential Information within its Payment System. This legal duty arose from the facts and circumstances surrounding Home Depot's collection of customer Confidential Information, promises by Home Depot (whether express or implied) to protect customers' Confidential Information, and the reasonable expectations of Home Depot customers.

6.     Moreover, maintaining up-to-date data security is a very expensive endeavor. But rather do what is reasonable and expected in the retail industry, Home Depot, the world's largest home improvement retailer, maintained a grossly inadequate Payment System, saving significantly on the costs of providing adequate security and placing its customers at an unnecessary risk.

7.     Home Depot was well aware of the security vulnerabilities of its Payment System, yet failed to warn Plaintiffs and class members of those risks and the susceptibility of its Payment System to unlawful and unauthorized access, such as the Breach here; failed to remedy known

---

[1] *See* THE HOME DEPOT, INC. PRIVACY AND SECURITY STATEMENT, http://www.homedepot.com/c/Privacy_Security (last visited Sept. 9, 2014.).

defects in its Payment System that made it vulnerable to the Breach; and continued to encourage its customers to buy Home Depot products without warning them about the inherent risks of purchasing products with payment cards and relying on an unsecure Payment System to adequately protect their Confidential Information.

8.      Home Depot knew or should have known that its inadequate Payment System placed Home Depot at an increased risk for cyber-attacks, which directly and proximately caused the theft of Plaintiffs' and class members' Confidential Information.  Specifically, Home Depot was on notice that many retailers recently had their security walls broken in recent months, including Target, Sally Beauty, P.F. Chang's, and the thrift store operations of Goodwill.  These widespread security breaches led many retailers, financial institutions, and credit card companies to explore more secure means of transacting customer payment information, including replacing point-of-sale terminals with updated terminals capable of reading Europay, Mastercard, and Visa ("EMV") cards—more secure credit and debit cards that contain a microchip.  Home Depot was aware that improvements to its Payment System, like obtaining registers capable of reading the more secure EMV cards or point-to-point encryption and tokenization of Confidential Information, would provide Home Depot customers with the utmost protection available for storing Confidential Information on payment data systems.

9.      As a result of Home Depot's failure to reasonably and adequately secure its Payment System, the Breach occurred and Plaintiffs' and the class members' Confidential Information was compromised and publicly disclosed on the black market.  Plaintiffs and class members have been harmed and continue to be harmed by the release of their Confidential Information, which is currently being exchanged among perpetrators for unlawful purposes. Among these unlawful activities are fraudulent transactions and identity theft in the form of

3

improperly opened bank accounts, credit cards, investment accounts, etc. in the name of Plaintiffs and class members based on information obtained during the Breach. Further, the unauthorized and prohibited disclosure of Confidential Information harmed Plaintiffs and class members because they have suffered an invasion of their privacy, have spent or will need to spend considerable time and expense to protect themselves against identity theft and damage to their credit ratings, have been or will be forced to have fraud alerts placed through credit reporting agencies, have been deprived of the exclusive use and control of their Confidential Information, have incurred or will incur the costs of time and money to monitor their credit card accounts, credit reports, and other financial information to protect themselves against identity theft and other improper use of the disclosed Confidential Information, and have otherwise suffered economic damages.

## JURISDICTION AND VENUE

10.    Plaintiffs, like members of the class defined herein, are citizens of the State of Georgia residing in Georgia. Defendant Home Depot is a public corporation with its principal place of business in Atlanta, Georgia.

11.    Venue is proper in this county because Home Depot conducts business in this county and Plaintiffs reside in this county.

## PARTIES

12.    Plaintiff Erika Farr is an adult citizen of the State of Georgia residing in Georgia and in this county. Plaintiff Farr made a purchase at Home Depot Store #8412 in Clayton, Georgia by credit or debit card on August 7, 2014.

13.    Plaintiff Claude Garner is an adult citizen of the State of Georgia residing in Georgia and in this county. Plaintiff Garner made several purchases at two Home Depot

locations—Store #159 in Atlanta, Georgia and Store #6986 in Buckhead, Georgia—by credit and/or debit card during the time period at issue in this action.

14.    Plaintiffs Carlton and Sandra Smith are adult citizens of the State of Georgia residing in Georgia and in this county. Plaintiffs Carlton and Sandra Smith made several purchases at Home Depot Store #6980 in Dahlonega, Georgia by credit card during the time period at issue in this action.

15.    Defendant Home Depot is a public corporation with its principal place of business in Atlanta, Georgia. Home Depot has locations and conducts business throughout Georgia.

## FACTUAL ALLEGATIONS

### *Collection of Confidential Information*

16.    Home Depot is the world's largest home retail store, boasting 2,266 stores throughout the United States, Canada, and Mexico.

17.    Home Depot collects a wide array of customer information. According to its Privacy and Security Statement (available online), Home Depot obtains customer contact information, payment information, returns information, demographic information, and location information.[2]

18.    Home Depot collects such information in connection with an online or in-store purchase.[3]

19.    Home Depot's Privacy and Security webpage contains a headline in bold, enlarged font, "SHOP WITH PRIVACY AND SECURITY."[4]  The Home Depot Privacy and Security Statement goes on to detail how "The Home Depot values and respects the privacy of its customers

---

[2] *See* THE HOME DEPOT, INC. PRIVACY AND SECURITY STATEMENT, http://www.homedepot.com/c/Privacy_Security.
[3] *See id.*
[4] *Id.*

5

and visitors." Such language signifies to consumers that, although Home Depot collects Confidential Information during purchases, their personal financial information will be secure on Home Depot's Payment System. Consumers are erroneously led to believe that they can shop at Home Depot with confidence, knowing that the Home Depot Payment System ensures their "privacy and security."

**The Breach**

20.   Upon information and belief, sometime during April 2014, Home Depot's Payment System was attacked by hackers. During this cyber-attack, the hackers accessed and stole millions of Home Depot customers' Confidential Information, including that of Plaintiffs and class members.

21.   Home Depot knew or should have known that its Payment System was not secure and accordingly left Plaintiffs' and class members' Confidential Information vulnerable to attack, theft, and misuse.

22.   Home Depot recklessly, or as a matter of gross negligence, failed to provide reasonable and adequate security measures.

23.   Upon information and belief, Home Depot's Payment System was so ineffective that the malware installed within the payment data system went undiscovered for a period of over three (3) months.

24.   On September 2, 2014, Home Depot released a statement that it was investigating "unusual activity" concerning customer financial information but failed to admit that a data breach actually occurred, despite widespread reports from financial institutions and security experts that a breach had occurred.

25. Home Depot failed to notify Plaintiffs and class members in a timely manner as required by law because its customers were forced to wait nearly a week before Home Depot actually admitted that a breach occurred.

26. On September 8, 2014, Home Depot released the following statement:

> Last Tuesday, September 2, we disclosed that we were investigating a possible breach of our payment data systems. We want you to know that we have now confirmed that those systems have in fact been breached, which could potentially impact any customer that has used their payment card at our U.S. and Canadian stores, from April forward.

According to Home Depot, the hacked Confidential Information included "[p]ayment card information such as name, credit card number, expiration date, cardholder verification value and the service code for purchases made at Home Depot stores in 2014, from April on."

27. Upon information and belief, Plaintiffs' and class members' Confidential Information obtained during the Breach hit the black market in September 2014. On September 2, 2014, *Rescator*, a website specializing in the sale of stolen financial information, advertised two enormous sets of stolen credit and debit card information containing Home Depot customers' Confidential Information. As advertised, *Rescator* indexes each stolen card by the city, state, and zip code of the Home Depot store from which each card was stolen. Further, *Rescator* advertised that each card had a "valid rate of 100%," meaning that every individual's Confidential Information available for purchase was valid and ready for use.

## Inadequacy of Home Depot's Payment System

28. Upon information and belief, the Breach was the direct result of Home Depot's failure to maintain a secure Payment System with the latest advancements in the protection of financial information, such as EMV transactions and point-to-point data encryption and

7

tokenization.[5] As a direct and proximate cause of Home Depot's actions and/or inactions, Plaintiffs' and class members' Confidential Information is currently in the hands of cyber criminals and actively being purchased off of black market websites and used for fraudulent purchases and identity theft.

29.    On September 8, 2014, Home Depot even admitted that more secure methods of transacting payment information were available and that Home Depot was rushing to bring its system up to EMV standards: "Responding to the increasing threat of cyber-attacks on the retail industry, The Home Depot previously confirmed it will roll out EMV "Chip and PIN" to all U.S. stores by the end of this year. . . ."[6] As addressed above, EMV systems are the most secure form of payment card transactions currently available to retail stores, such as Home Depot. Unlike magnetic strip cards, the chip on EMV cards uses cryptography and a host of other security measures that create a multifaceted defense against credit card fraud. The chip-and-PIN technology on EMV cards makes credit cards very difficult to counterfeit and therefore makes data breaches, like the one at issue here, less appealing to cyber-criminals.

30.    Upon information and belief, Home Depot currently uses terminals that are *capable* of reading both EMV and magnetic strip cards but do not yet have the chip-reading technology enabled to *actually perform* a more secure EMV transaction.

31.    Home Depot's failure to implement a more secure Payment System prior to the Breach represents a complete failure on its part to protect Plaintiffs' and class members' Confidential Information. Based on widespread data breaches in similar retail stores, Home Depot

---

[5] Aleksandr Yampolskiy, chief executive of SecuirtyScorecard, Inc., gave Home Depot's security system an overall "C rating." Privacy Monday, *available at* http://www.privacyandsecuritymatters.com/2014/09/privacy-monday-september-8-2014/.
[6] The Home Depot Provides Update on Breach Investigation, *available at* http://corporate.homedepot.com/MediaCenter/Pages/Statement1.aspx.

knew or at least should have known that its Payment System was unsecure, susceptible to cyber-attack, and more importantly, that additional precautions were available to protect its customers' Confidential Information.

32.     Upon information and belief, Home Depot failed to ensure that its Payment System was equipped with the latest security technology sufficient to protect customers' Confidential Information because of the cost associated with updating point-of-sale terminals to support EMV enabled cards and point-to-point encryption. As cyber security expert Bryan Krebs explains it, Home Depot is more concerned with increasing profits than adequately securing its Payment System: "Traditionally retail's been one of the more challenging industries to sell security software and services to . . . . [because] [t]hey're extremely bottom-line-oriented, they have thin profit margins. They see every dollar invested in security as a dollar they're not earning."[7] "Encryption needs to happen in the terminal hardware and it's a technology that might have prevented many of these recent breaches . . . . Until now, most merchants look at the price tag of point-to-point encryption and decide not to do it."[8]

33.     Home Depot's failure to ensure that its Payment System was current with up-to-date security standards provided Home Depot with short-term and fleeting benefits in the form of saving on the costs of compliance at the expense and to the severe detriment of Home Depot's own customers, including Plaintiffs and class members described herein.

***Damages to Plaintiffs and Class Members***

---

[7] A Tiny Bit of Solace for Banks in Home Depot Breach, *available at* http://www.americanbanker.com/issues/179_174/a-tiny-bit-of-solace-for-banks-in-home-depot-breach-1069846-1.html (last visited Sept. 12, 2014).
[8] Retail Breaches Could Spur Channel Business, Modernized Payment Systems, *available at* http://www.crn.com/news/security/300074005/retail-breaches-could-spur-channel-business-modernized-payment-systems.htm (last visited Sept. 12, 2014).

34.     On August 7, 2014, Plaintiff Erika Farr's USAA check card was swiped at a point-of-sale terminal while she made a purchase at Home Depot Store #8412 located at 1551 Hwy 441 South, Clayton, Georgia, 30525.  Plaintiff Farr believed Home Depot would maintain the Confidential Information contained on her check card in a reasonably secure manner and provided her card to Home Depot on that basis.  Had Plaintiff Farr known that Home Depot would not maintain her information in a reasonably secure manner, she would not have allowed her card to be swiped at Home Depot's point-of-sale terminal.

35.     Plaintiff Farr's Confidential Information associated with her payment card was compromised in and as a result of the Breach.  Plaintiff Farr was harmed by having her financial and personal information disclosed to cyber-criminals.  Plaintiff Farr faces the imminent and certainly impending threat of future harm from identity theft and credit card fraud now that her Confidential Information is available for purchase on the black market.

36.     On several different occasions, Plaintiff Claude Garner's BB&T debit card was swiped at a point-of-sale terminal while he made purchases at either Home Depot Store #159 located at 650 Ponce De Leon, Atlanta, Georgia, 30308 or Home Depot store #6986 located at 2525 Piedmont Road NE, Atlanta, Georgia, 30324.  Plaintiff Garner believed Home Depot would maintain the Confidential Information contained on his debit card in a reasonably secure manner and he provided his card to Home Depot on that basis.  Had Plaintiff Garner known that Home Depot would not maintain his information in a reasonably secure manner, he would not have allowed his debit card to be swiped at Home Depot's point-of-sale terminal.

37.     Plaintiff Garner's Confidential Information associated with his payment card was compromised in and as a result of the Breach.  Plaintiff Garner was harmed by having his financial and personal information disclosed to cyber-criminals.  Plaintiff Garner faces the imminent and

10

certainly impending threat of future harm from identity theft and credit card fraud now that his Confidential Information is available for purchase on the black market.

38.    On several different occasions, Plaintiffs Carlton and Sandra Smith's Capital One credit card was swiped at a point-of-sale terminal while they made purchases at Home Depot Store #6980 located at 140 Maxwell Lane, Dahlonega, Georgia, 30533. Plaintiffs Carlton and Sandra Smith believed Home Depot would maintain the Confidential Information contained on their credit card in a reasonably secure manner and they provided their card to Home Depot on that basis. Had the Smiths known that Home Depot would not maintain their information in a reasonably secure manner, they would not have allowed their credit card to be swiped at Home Depot's point-of-sale terminal.

39.    On or around September 10, 2014, Plaintiff Sandra Smith was contacted by a representative of Capital One who informed Plaintiff Smith that fraudulent activity associated with her credit card, including suspicious charges, had been discovered the previous day. The Smiths' Confidential Information associated with their Capital One credit card was compromised in and as a result of the Breach. Plaintiffs Carlton and Sandra Smith were harmed by having their financial and personal information disclosed to cyber-criminals, who subsequently engaged in unauthorized and fraudulent activity associated with the Smiths' credit card. The Smiths now face further harm from the threat of identity theft now that their Confidential Information was purchased off of the black market and was used for fraudulent purposes.

40.    As a result of Home Depot's unreasonable, unfair, inadequate, and less than industry-standard security for its Payment System, cyber-criminals now possess the Confidential Information of Plaintiffs and class members. While credit card companies offer protection against unauthorized charges, the process is long, costly, and frustrating. Physical cards must be replaced,

credit card information must be updated on all automatic payment accounts, and victims must add themselves to credit fraud watch lists, which substantially impairs victims' ability to obtain additional credit. Immediate notice of the breach is essential to obtain the best protection afforded by these services. As alleged above, Home Depot failed to provide such immediate notice, thus further exacerbating the damages sustained by Plaintiffs and class members arising from the Breach.

41.    Plaintiffs and class members suffered additional damages arising from the costs associated with identity theft and the increased risk of identity theft caused by Home Depot's failure to adequately protect their Confidential Information.

42.    Plaintiffs and class members suffered additional damages based on the opportunity cost and value of time that Plaintiff and class members have been forced to expend to monitor their financial information and bank accounts as a result of the Breach.

43.    A portion of the products purchased from Home Depot by Plaintiffs and class members necessarily included compliance with industry-standard measures with respect to the collection and safeguarding of Confidential Information. Because Plaintiffs and class members were denied privacy protections that they paid for and were entitled to receive, Plaintiffs and the class members incurred actual monetary damages in that they overpaid for the products purchased from Home Depot.

44.    Home Depot disregarded and irreparably harmed Plaintiffs' and class members' privacy rights by intentionally, willfully, recklessly, and/or negligently failing to take the necessary precautions to ensure that the Confidential Information of its customers was not publicly disclosed. Plaintiffs' and class members' greatly value their exclusive access to and the confidentiality of

their personal Confidential Information. Plaintiffs suffered harm now that their Confidential Information is no longer private.

45.  As a result of Home Depot's intentional, willful, reckless, and/or blatant disregard for the security of its customer's Confidential Information, Plaintiffs' and class members' financial reputation and financial well-being is now in the hands of criminals. Plaintiffs and class members, as a condition of purchasing products from Defendant, entrusted Home Depot with their Confidential Information.  Based on the representations made in its Privacy and Security Statement, Home Depot misrepresented the secure nature of its Payment System to Plaintiffs and class members.  In doing so, Home Depot violated the trust and privacy of Plaintiffs and class members by failing to properly secure its Payment System such that customers' Confidential Information was readily susceptible to hackers.  Thereby, Home Depot attracted third-party criminals to its Payment System because of its inherent vulnerability.  Moreover, the weaknesses within Home Depot's Payment System enabled the hackers to infiltrate and remain undetected within it for over three months.  As a result, Plaintiffs' and Class Members' personal financial information is actively being sold on the cyber black market in which criminals openly post stolen credit card numbers, Social Security numbers, and other personally identifiable information on a number of Internet websites.  By having such Confidential Information publicly accessible and readily available to criminals, Plaintiffs and class members' privacy rights have and continue to be damaged.

## CLASS ACTION ALLEGATIONS

46.  Plaintiffs bring their claims individually and on behalf of the following proposed Georgia-only class:

All Georgia citizens residing in the State of Georgia whose confidential information was lost, stolen, compromised, and/or disclosed as a result of the events surrounding the loss of confidential customer financial information by Home Depot between April 2014 to the present.

47. This action is maintainable as a class action pursuant to O.C.G.A. § 9-11-23(a)(b)(1)-(3).

48. The class is so numerous that joinder of all members is impractical. While the exact number of class members cannot be quantified at this time, Home Depot has publicly acknowledged an unauthorized disclosure of Confidential Information for millions of its customers, including those customers in Georgia.

49. Joinder of class members' individual actions is also impractical because of the limited ability of individual class members to institute separate suits and the general nature of the underlined action and relief sought.

50. There are substantial questions of fact and law common to all class members. The legal issues are limited to a series of identifiable violations of industry duties and standards of care that created the scenario under which the Breach could occur and that culminated in a wrongful disclosure of Confidential Information that occurred between April 2014 and September 2014 when millions of customers' credit and debit card information were removed from Home Depot's possession. The factual issues relating to Home Depot's violations of industry standards and legal duties are common to all class members. Similarly, the relief Plaintiffs seek on their own behalf and on behalf of all class members is dominated by equitable and legal remedies. The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

51. The claims of the representative Plaintiffs are typical of the claims of the class members. The representative Plaintiffs are Home Depot customers who had their Confidential

Information improperly disclosed by Home Depot as a result of the Breach. The claims of the other class members therefore mirror the claims brought by the representative Plaintiffs.

52.    The representative Plaintiffs will fairly and adequately protect the interests of the class. The claims and causes of action brought by the representative Plaintiffs span the breadth of issues raised in this action.

53.    Counsel for the representative Plaintiffs are qualified and experienced and will confidently and vigorously prosecute this action. Counsel for the representative Plaintiffs have significant experience in this field and are able and willing to commit the necessary resources to complete a thorough prosecution of this action.

54.    The interests of the representative Plaintiffs are not antagonistic to or in conflict with any other members of the class.

55.    Home Depot has acted and refused to act on grounds generally applicable to the class, thus rendering final injunctive and declaratory relief with respect to the class as a whole an appropriate remedy.

56.    The prosecution of separate actions by individual class members would create a risk of inconsistent results or varying adjudications that could establish incompatible standards of conduct for Home Depot.

57.    Questions of law or fact applicable to the members of the class predominate over any questions affecting only individual members.

58.    A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because:    (a) The common interests of the class members predominate over any questions affecting only individual members;  (b) no similar litigation concerning the controversy is known to have been commenced by members of the class;  (c)

15

concentrating litigation of this action in this Court would ensure appropriate, consistent, and efficient resolution of the issues raised in the jurisdiction where the offending conduct occurred; and (d) the difficulties in managing an action involving class members known to Home Depot such that Home Depot was able to notify class members of the disclosure of Confidential Information at issue herein by mail. Because of the nature of this action and the publicity the events at issue in this lawsuit have already received, adequate notice to any class members whose mailing addresses are not currently contained with Home Depot's database may be effectuated through notice by publication.

## FIRST CAUSE OF ACTION

### Invasion of Privacy

59.    Plaintiffs reallege and incorporate the preceding paragraphs as full set forth herein.

60.    Between April 2014 and September 2014, Defendant Home Depot negligently disclosed the Plaintiffs' and the class members' Confidential Information. Home Depot's actions and/or inactions caused the theft and dissemination into the public domain of the Plaintiffs' and class members' Confidential Information.

61.    The Confidential Information disclosed by Home Depot's actions and/or inactions were private to the Plaintiffs and the individual class members, and the publication of this information is objectionable to a reasonable man of ordinary sensibilities under the circumstances at issue in this case.

62.    The invasion of Plaintiffs' and the class members' privacy occurred as a direct and proximate result of Home Depot's failure to secure the protection of Plaintiffs' and the class members' Confidential Information, and Plaintiffs and class members have been damaged thereby.

## SECOND CAUSE OF ACTION

### Negligence/Wantonness

63.     Plaintiffs reallege and incorporate the preceding paragraphs as full set forth herein.

64.     Defendant Home Depot has a duty to exercise reasonable care in safeguarding and protecting Plaintiffs' and the class members' Confidential Information.

65.     Defendant Home Depot negligently and/or wantonly violated its duty by failing to exercise reasonable care in safeguarding and protecting Plaintiffs' and the class members' Confidential Information.

66.     Alternatively, Home Depot's conduct set forth herein was so reckless and so charged with indifference to the consequences of its failure to exercise reasonable care in safeguarding and protecting Plaintiffs' and the class members' Confidential Information as to amount to wantonness under Georgia law.

67.     It was reasonably foreseeable that Home Depot's failure to exercise reasonable care in safeguarding and protecting Plaintiffs' and the class members' Confidential Information would result in an unauthorized disclosure of said Confidential Information.

68.     Plaintiffs and the class members have been damaged as a direct and proximate result of Home Depot's actions and/or inactions set forth herein in the form of, without limitation, expenses for credit monitoring and insurance, expenses for periodic credit reports, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and noneconomic harm.

69.     Home Depot's wrongful actions and/or inactions set forth above constitute negligence and/or wantonness under Georgia common law.

17

## THIRD CAUSE OF ACTION

### Breach of Express or Implied Contract

70.     Plaintiffs reallege and incorporate the preceding paragraphs as full set forth herein.

71.     Based on the statements in Home Depot's Privacy and Security Statement, Plaintiffs and class members believed that Home Depot valued and respected the privacy rights of its customers in regards to the collection of Confidential Information. Based on this understanding, a contract existed between Home Depot and the Plaintiffs and class members that Home Depot would not disclose such Confidential Information in a manner not authorized by applicable law or industry standards.

72.     Home Depot's Privacy and Security Statement, provided to Plaintiffs and the class members on Home Depot's website, constitutes an express contract or at the very least created a meeting of the minds that was inferred from the conduct of the parties. Plaintiffs and the class members fully discharged their obligations under the contract.

73.     Home Depot breached its contracts with the Plaintiffs and the class members by failing to safeguard and protect Plaintiffs' and the class members' Confidential Information such that an unauthorized disclosure of Plaintiffs' and the class members' Confidential Information occurred.

74.     As a direct and proximate result of Home Depot's breach of its contracts with the Plaintiffs and class members, Plaintiffs and the class members have been damaged in an amount to be proven at trial.

75.     As further damages, Plaintiffs and the class members request restitution and costs of mitigation including, but not necessarily limited to, the purchase of credit monitoring, credit

18

insurance, periodic credit reports and expenses associated with the loss or replacement of the valuable financial information disclosed by Home Depot.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

76.     Plaintiffs reallege and incorporate the preceding paragraphs as full set forth herein.

77.     Under the circumstances outlined herein, Home Depot's failure to take necessary precautions for safekeeping Plaintiffs' and class members' Confidential Information diminished the value of the goods they purchased. Home Depot has been unjustly enriched by accepting payment of the full purchase price for Home Depot products from Plaintiffs and class members. A portion of the price paid by Home Depot customers necessarily included compliance with the latest security processes with respect to the collection and safeguarding of Confidential Information. Plaintiffs and class members paid full value for Home Depot products and were entitled to receive a safer and more secure Payment System than the system used by Home Depot. Because Plaintiff and class members paid for such protection and did not receive it, Home Depot has been unjustly enriched. Accordingly, this Court should impose a constructive trust on those monies by which Defendant has been unjustly enriched as a result of the negligent maintenance of its Payment System described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all class members, respectfully request the following:

a.     That this Court enter an Order on all causes of action certifying this case as a class action, appointing Plaintiffs as the class representatives, and appointing Plaintiffs' counsel of record as class counsel;

b.      That this Court award declaratory and injunctive relief as permitted by law or equity, including enjoining Home Depot from continuing the unlawful practices as set forth herein, directing Home Depot to review, modify, and update as necessary its security procedures for protecting its customers' Confidential Information, and directing Home Depot to notify, with Court supervision, all victims of Home Depot's conduct, that Defendant will pay for the Plaintiffs' and the class members' credit monitoring for a period not less than three years, that Home Depot will pay for all identity theft related damages suffered by Plaintiffs and the class members and/or provide credit insurance for Plaintiffs and every class member for a period not less than three years, and that Home Depot will undergo internal audits on a periodic basis not less than annually by a third party qualified to conduct such audits to ensure adequacy of the security of the personal financial information of Home Depot customers.

c.      That this Court direct Home Depot to provide all class members with bank account and other financial account monitoring and/or monitoring services for a period of not less than three years;

d.      That this Court award Plaintiffs and members of the class nominal damages on the first cause of action set forth herein of an amount that is identical for every class member.

e.      That this Court award Plaintiffs and members of the class actual damages under all causes of action herein that entitle Plaintiffs and class members to actual damages;

f.    That this Court award Plaintiffs and the class members exemplary damages in an amount that is identical for every class member for Home Depot's intentional, willful, and wanton conduct as alleged herein;

g.    That this Court award Plaintiffs and the class members pre-judgment and post-judgment interest as may be authorized by law, as well as their reasonable attorney's fees and other costs;

h.    That the Court direct Home Depot to notify all class members of any information that may come into Home Depot's possession indicating that any of the customers for whom Confidential Information was disclosed without prior authorization have been the victims of identity theft or other improper use of their Confidential Information; and

i.    That this court provide any other legal and/or equitable relief as requested in this action or as may be permitted by law and as justice requires.

## JURY TRIAL DEMANDED

Plaintiffs, on behalf of themselves and all class members as defined herein, hereby demand a trial by jury on all issues so triable.

_____
R. Brent Irby

OF COUNSEL:
R. Brent Irby
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: birby@mhcilaw.com

21

OF COUNSEL
Todd L. Lord
Attorney at Law
4 Courthouse Square
Post Office Box 901
Cleveland, Georgia 30528
Telephone: (706)219-2239
Facsimile: (706)348-8100
Email: attytllord@windstream.net

OF COUNSEL:
William Greg Dobson
Morris, Lober & Dobson, LLC
Robert E. Lee Building, Suite 201
830 Mulberry Street
Macon, Georgia 31201
Telephone: (478)745-7700
Facsimile: (478)745-4888
Email: mgd@dobsonlawgroup.net

## PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED AS FOLLOWS:

Home Depot USA. Inc.
c/o CSC of Cobb County, Inc.
192 Anderson Street, S.E.
Suite 125
Marietta, Georgia 30060